Volpe Appeal.

Argued January 3, 1956. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*Louis D. Stefan,* with him *Thomas B. M. Porter, Jr.* and *Foulke, Knight & Porter,* for appellant.

*David E. Groshens,* with him *John E. Landis* and *Samuel H. High, Jr.,* for appellees.

OPINION BY MR. JUSTICE BELL, March 13, 1956:

This is an appeal from the refusal of a variance by (the Zoning Board and by) the Court of Common Pleas from a Zoning Ordinance adopted by the Commissioners of Cheltenham Township in 1929. The lower Court, after hearing evidence in addition to that which was presented before the Board of Adjustment, made findings of fact (almost all of which were admitted), which are substantially as follows:

The petitioner purchased at auction in *1944 or 1945* premises known as lots 14 and 15 on a plan of Suncrest, Cheltenham Township, Montgomery County. The lots are irregular but have a total area of approximately 32,500 square feet. The area was classified as *"AA"* *residential in 1929;* and by amendment adopted August 5, 1941, no building can be built on a lot unless the lot has an area of at least *20,000* square feet. On March 16, *1949,* petitioner conveyed all of lot 15 and a triangular portion of lot 14 to Helen V. Foster, after he had constructed a dwelling thereon. The total area conveyed was 20,130 square feet. A portion of lot 14 was included in the conveyance in order to comply with the 20,000 square feet required by the Zoning Ordinance. Petitioner retained title to a rectangular portion of lot 14 containing an area of 12,448.42 square feet, or approximately 62% of the area required for a residence under the ordinance.

Petitioner desires a variance in order to construct a stone dwelling house on the remaining portion of his lot and agreed that if permitted to do so he will comply with all of the other portions of the Zoning Ordinance. Petitioner was engaged in the building business for 26 years and had actual knowledge of the zoning regulations when he took title in 1945 to lots 14 and 15. When petitioner sold his house and lot to

Mrs. Foster he told her that a house could not be built on the remaining portion of his lot, but he intended either to buy the adjacent lot 13 or sell the remaining portion of his lot to Mrs. Foster or to the owner of the neighboring ground. Mrs. Foster and the owner of lot 13 purchased their properties in reliance on the provisions of the zoning ordinance. The owner of lot 13 offered and is still willing to pay to petitioner, petitioner's cost of the portion of lot 14 which he still owns, plus 6% interest, plus all of petitioner's outlays for taxes for the lot. Petitioner is unwilling to sell. Both the Board of Adjustment and the lower Court concluded under these facts that petitioner had not proved unnecessary hardship and was not entitled to a variance.

By the Act of June 24, 1931, P. L. 1206, §3107, as amended May 27, 1949, P. L. 1955, §59, 53 PS §19092-3107, and by the Ordinance passed pursuant thereto, the Board of Adjustment has the power, inter alia: "(3) To authorize, upon appeal, in specific cases, such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done. . . .

"Any person aggrieved by any decision of the board of adjustment . . . may . . . appeal to the court of common pleas of the county by petition, duly verified, setting forth that such decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, specifying the grounds upon which he relies. . . .

"If, upon the hearing it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence. . . . The court may

reverse or affirm, wholly or partly, or may modify the decision brought up for review."

In *Medinger Appeal*, 377 Pa. 217, 221, 104 A. 2d 118, the Court, quoting from *Lord Appeal*, 368 Pa. 121, 125, 81 A. 2d 533, said: "It is now well settled that zoning acts and ordinances passed under them are valid and constitutional as structural or general legislation whenever they are necessary for the preservation of public health, safety, morals or general welfare, and not unjustly discriminatory, or arbitrary, or unreasonable, or confiscatory in their application to a particular or specific piece of property. [Citing numerous cases.]"

Municipalities have power to zone land for residential purposes and to establish minimum lot requirements in connection therewith, provided they are *reasonable* for the residential districts involved and bear a reasonable relation to the health and safety of the community. The Courts have even gone so far as to hold that municipalities may, without violating the Constitution, exclude from residential districts,—for reasons of health and safety—business and trade of every sort, including hotels and apartment houses: *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365; *Ward's Appeal*, 289 Pa. 458, 137 A. 630; *Jennings Appeal*, 330 Pa. 154, 198 A. 621. See also: *Brosnan's Appeal*, 330 Pa. 161, 198 A. 629 and *Elkins Park Improvement Assn. Zoning Case*, 361 Pa. 322, 64 A. 2d 783.

A lot area of not less than 7500 square feet per family in an "AA" residential district was impliedly approved by this Court in *Appeal of Elkins Park Improvement Assn.*, 361 Pa., supra; and a minimum lot requirement of 4000 square feet per family for a one-family dwelling was impliedly approved in *Brosnan's Appeal*, 330 Pa., supra. In *Brosnan's Appeal*, where the facts were analogous—petitioner was denied a per-

mit to build a single dwelling house on a rectangular lot 40 by 100 feet—the Court said: ". . . land once subjected by the conduct of the parties to the restrictions specified in the ordinance could not be relieved from the restriction by the mere device of conveying it to an adjoining owner, or of treating it as part of an adjoining lot. . . . To hold otherwise would render impotent and utterly useless the salutary provisions of the zoning ordinance which are designed to promote the health and safety of the city's inhabitants by providing for each individual dwelling house an ample lot area and sufficient side yards."

The zoning ordinance requiring 20,000 square feet of land—less than a half acre—for a dwelling in the district in question was a valid exercise of the municipality's power since it bore a reasonable relation to health and safety. Furthermore, the ordinance was not arbitrary or capricious or unjustly discriminatory or confiscatory in its application to petitioner's piece of property. Especially is this so in the present case, since, if there was any unnecessary hardship, petitioner himself created it with full knowledge of the restrictions in the zoning ordinance. If we were to hold that this petitioner suffered unnecessary hardship, every other property owner in the area classified "AA" residential, would similarly be entitled to build his home on a lot of 12,000 square feet, which of course would nullify the ordinance. A board of adjustment has no power or right to set at naught a zoning statute or ordinance under the guise of a variance: *Lukens v. Ridley Township Zoning Board*, 367 Pa. 608, 80 A. 2d 765; *Devereaux Foundation, Inc. Zoning Case*, 351 Pa. 478, 41 A. 2d 744. .

Contrary to appellant's contentions, (a) a person who seeks a variance has the burden of establishing unnecessary hardship, and (b) the test in this case is

not whether the board of adjustment committed a manifest abuse of discretion. In this case the lower Court took additional testimony and under such circumstances the test is not whether the board of adjustment, but whether the lower Court, committed a manifest abuse of discretion or an error of law. Where, as here, the Court took additional evidence and may under the Act "reverse or affirm in whole or in part, the decision appealed from *as to it* may appear just and proper", it is clear that it is *the Court's decision* as to what is just and proper,* which must prevail: *Dooling's Windy Hill v. Springfield Twp.,* 371 Pa. 290, 89 A. 2d 505; *Rolling Green Golf Club Case,* 374 Pa. 450, 97 A. 2d 523; *Lord Appeal,* 368 Pa. 121, 81 A. 2d 533; *Pincus v. Power,* 376 Pa. 175, 101 A. 2d 914; *Silverco, Inc. v. Zoning Board of Adjustment,* 379 Pa. 497, 109 A. 2d 147; *Walker v. Zoning Board of Adjustment,* 380 Pa. 228, 110 A. 2d 414.

Order and Decree affirmed; appellant to pay the costs.

---

* Apart from the clear language of the Act and the aforesaid cases, it would be unfair to convict a board of adjustment of an abuse of discretion when it did not have before it the testimony which was presented in the Court of Common Pleas and which might have caused it to render an entirely different decision.