## White v. Zoning Board of Adjustment

Before Hagan, P. J., and Griffiths, J.

*Herman J. Tahl,* for appellant.

*David Berger,* City Solicitor, *Lenard L. Wolffe* and *Gordon Cavanaugh,* Assistant City Solicitors, for zoning board of adjustment.

HAGAN, P. J., May 2, 1958.—This is an appeal from a decision of the zoning board of adjustment which authorized the erection of an automobile inspection station on a vacant lot on Sixty-fifth Avenue approximately 135 feet East of Wyncote Avenue. The appeal was taken by protestants who were adjoining property owners. At the argument on this appeal before the court en banc, counsel for protestants contended that they had not been afforded a· full opportunity to present their case before the zoning board, and they re-

quested that a hearing de novo be granted by this court.

The First Class City Zoning Enabling Act of May 6, 1929, P. L. 1551, sec. 8, 53 PS §14759, provides for an appeal from the decision of the zoning board of adjustment to the common pleas court, and further provides as follows:

"If upon the hearing it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence. . . ."

When a protestant appeals to a court of common pleas from a decision of a zoning board and requests the court on appeal to take testimony, it seems that different procedures prevail among the various common pleas courts of the Commonwealth, and, in fact, among the several common pleas courts of Philadelphia County. Thus, some courts allow a hearing de novo upon all appeals from the zoning board; other courts allow a hearing de novo only in certain cases; while certain courts do not allow any hearings de novo and remand the case to the zoning board for the taking of whatever additional testimony may be needed or requested.

It is our conclusion that the soundest of these procedures is that which requires the zoning board and not the common pleas court to take all relevant testimony in the case. We believe it to be the clear intent of the Zoning Enabling Act and the Zoning Ordinance that the zoning board of adjustment is to be the fact-finding body with respect to all issues and questions of zoning. While all decisions of the zoning board are, of course, subject to judicial review, the initial exercise of discretion should be by the zoning board.

Recent decisions of our Supreme Court have held that where any testimony is taken by a common pleas court on appeal from a zoning board, the court must

consider the matter de novo rather than for the purpose of determining whether the zoning board has committed an abuse of discretion. See Volpe Appeal, 384 Pa. 374; Garbev Zoning Case, 385 Pa. 328; Landau Advertising Co. v. Zoning Board of Adjustment, 387 Pa. 552, and Richman v. Zoning Board, 391 Pa. 254. As a result of these decisions, many litigants who are dissatisfied with a decision of a zoning board have made it a practice to request the right to take testimony before the court on appeal. By this procedure, litigants who have received an adverse decision from the zoning board are, in effect, permitted "two bites at the apple", one before the board and one before the court on appeal.

It is our conclusion that the practice of permitting testimony to be taken on appeal to the common pleas court, and thus imposing upon the court the duty of exercising its own judgment and discretion in zoning litigation, is completely contrary to the concept of the administration of the Zoning Ordinance by the zoning board. While every litigant should be permitted to present full and complete testimony in a zoning case, it seems to us that the proper forum for the purpose is the zoning board of adjustment and not the common pleas courts.

As we have previously observed, the administration of zoning laws has been entrusted by statute to zoning boards of adjustment, and these boards are charged with the duty of finding facts and exercising judgment and discretion, within the limits of the zoning ordinances, in the matters which come before them. On certiorari from the zoning board of adjustment to the common pleas court, the scope of appellate review is whether the board was guilty of manifest abuse of discretion or error of law: Devereux Foundation, Inc., Zoning Case, 351 Pa. 478; Landau Advertising Co. v.

Zoning Board of Adjustment, 387 Pa. 552 (at footnote, page 554). Therefore, unless the common pleas court takes additional testimony on appeal from the zoning board, the court cannot substitute its judgment or discretion for that of the board, assuming, of course, that the board has not been guilty of abuse of discretion. However, once the court takes any additional testimony in the case, even upon a relatively minor aspect thereof, it must then determine the entire case on the merits. See Richman v. Zoning Board, supra, where the Supreme Court said, page 257:

"*Even though additional testimony was taken*, the Court below considered that the question before it was whether or not the Zoning Board had committed an abuse of its discretion. With that position we cannot agree. Having taken additional testimony it was the court's duty to determine the case on its merits rather than on the issue whether the Board had committed a manifest abuse of discretion: Garbev Zoning Case, 385 Pa. 328, 335, 122 A. 2d 682; Volpe Appeal, 384 Pa. 374, 121 A. 2d 97."

Therefore, whenever the common pleas court on appeal from the zoning board takes additional testimony, its judgment and discretion *on all aspects of the case* must then be substituted for that of the zoning board.

When we reflect upon the proposition that zoning laws are part of an overall program of city planning, and that the primary administration of zoning laws has been entrusted by the legislature to zoning boards of adjustment, it is clear that courts of common pleas on appeal should not act for the zoning board by taking testimony which should have been taken by the latter. By taking additional testimony on appeal and then deciding the case on the merits, the court is usurping duties and functions which the zoning laws have clearly vested in boards of adjustment.

In the future, therefore, this court will refuse to take additional testimony in cases on appeal from the zoning board of adjustment, and we shall remand all such appeals to the board for the purpose of taking such additional testimony as may be required, unless appellant advances a compelling reason for the taking of such additional testimony by the court.

For the foregoing reasons, the appeal is dismissed and the case is remanded to the zoning board for the purpose of taking additional testimony.