## Quinn v. Zoning Board of Adjustment

*Haws & Burke,* for appellants.

*Alan J. Smith* and *Henry Frye,* for appellee,

DANNEHOWER, P. J., and GERBER, J., July 23, 1959. —This is an appeal from a decision of the Zoning Board of Adjustment of the Borough of Narberth, granting an application by the borough for a variance which would permit construction of a municipal building and firehouse on a lot owned by the borough, at Haverford and Conway Avenues in the Borough of Narberth.

After argument before the court en banc, this matter is now pending for decision.

The lot in question is located in an R-2 residential zone. The Borough of Narberth Zoning Ordinance No. 343, as amended, specifically permits the proposed use by the borough in an R-2 residential zone. However, the building plan submitted by the borough indicated that the proposed structure would violate the setback re-

quirements of the zoning ordinance. Application was made to the building inspector for a permit and refused. An appeal was taken to the zoning board of adjustment for a variance and was granted.

John J. Quinn, his wife, Mary, and nine other property owners took this appeal which alleges that the decision of the board of adjustment was arbitrary and capricious and an abuse of discretion.

In the petition for appeal, appellants contend that the variance should not have been granted because:

1. The Borough of Narberth failed to show an unnecessary hardship.

2. The board of adjustment failed to take accurate minutes of the hearing.

3. Adjoining property owners were discriminated against.

4. The decision is not supported by evidence adduced at the public hearing.

Before discussing what we believe is the principal question involved in this case, we find it necessary to consider a question raised by the board of adjustment in its opinion, i.e., whether a municipal corporation is bound by its own zoning ordinance. We do not consider it necessary for us to decide this question since the borough voluntarily submitted to the jurisdiction of the board of adjustment and thereby waived any immunity it might have had. We agree that the borough council had the power to amend the zoning ordinance exempting the borough from the provisions of the ordinance: Jordan v. Township of Lower Merion, 34 D. & C. 551. However, instead of amending the ordinance, the borough chose to submit to the jurisdiction of the board of adjustment and request a variance from the terms of the ordinance. A board of adjustment, being a creature of statute, has limited powers. Under section 901(c), art. IX, of the Narberth Zoning Ordinance, the board of adjustment has the power:

"To authorize upon appeal, in specific cases, such variance from the terms of this Ordinance as will not be contrary to the public interest, where owing to special conditions, a literal enforcement of the provisions of this Ordinance will result in unnecessary hardship, and so that the spirit of this Ordinance shall be observed and substantial justice done."

In our opinion, the board of adjustment exceeded the scope of its authority when it made a finding that the borough was exempted from the provisions of the zoning ordinance. The board in its opinion said: "zoning regulations only affect private right as distinguished from that of a municipality."

We are not saying that the board was necessarily wrong in its conclusion, but we do believe that the board should not have taken into consideration the sovereign immunity of the borough, because that question was not before the board. The board's power to grant a variance is derived from the ordinance which gave the board the power to grant a variance only when an unnecessary hardship is shown.

From a reading of the board of adjustment's decision of May 4, 1959, it is clear that the board itself recognized that the borough must comply with its own ordinances once it subjects itself to the jurisdiction of the board. In that opinion, the board said: ". . . at first glance it could seem strange that the Borough Council, which of its own powers originally enacted the Zoning Ordinances and which at its own discretion modify these restrictions, should subject itself to the minor jurisdiction of the Board of Adjustment petitioning for this variance. Yet it was technically wise and an exercise of good public relations for the Council to enforce on itself the same compliance with its own ordinance as is constantly demanded of all private citizens. Obviously Council is not above the law, even inside the bounds of its own jurisdiction."

Once having taken jurisdiction, it was incumbent upon the board to apply the same standards to the borough for granting a variance as would apply to a private citizen.

The law is well settled in Pennsylvania that a person who seeks a variance has the burden of establishing unnecessary hardship (Volpe Appeal, 384 Pa. 374), and a variance may be granted only where a property is subjected to hardship unique and peculiar to the property: Gold v. Zoning Board of Adjustment, 393 Pa. 401.

We have carefully reviewed the record in this case and in our opinion the Borough of Narberth failed to establish an unnecessary hardship peculiar to the land. In reading the record and opinion of the board of adjustment, it is clear that the only hardship existing is a financial one, and our Supreme Court has said that a financial loss is not considered an unnecessary hardship: Fleming v. Prospect Park Board of Adjustment, 318 Pa. 582; Mutual Supply Company Appeal, 366 Pa. 424.

The board in its opinion said: "We further believe that to deny the Borough the right to construct this building would impose a hardship which is unique and peculiar to the lot in question. Because of its size and shape the lot will not lend itself to a project which would meet the present needs and those of the foreseeable future for adequate provision for fire protection unless variance granted . . . and to have located anywhere else would have cost more."

It is clear that the board of adjustment applied the wrong test in determining that an unnecessary hardship existed. There was no evidence adduced that the lot in question was unsuited for residential use because of its unique size or shape. The only factor making this lot unique is that it is too small to build the proposed building upon, and the borough would have to pur-

chase a larger tract of land in order to accommodate this proposed structure, if the variance is denied. This clearly does not meet the test of unnecessary "hardship" under the principles established in a long line of Pennsylvania cases, and the board of adjustment abused its discretion in granting this variance.

### Order

And now, July 23, 1959, for the foregoing reasons, the decision of the board of adjustment granting the Borough of Narberth a variance is hereby reversed. The appeal is sustained and a variance refused.