## Lally Zoning Case.

Argued April 24, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused June 21, 1961.

*George W. Thompson,* with him *Baile, Thompson & Shea,* for appellants.

*George S. Saulnier,* with him *Lindenmuth, Class & Saulnier,* for appellees.

OPINION BY MR. JUSTICE EAGEN, May 22, 1961:

This is an appeal from an order of the court below affirming a decision of the Board of Zoning Adjust-

ment of Yeadon Borough, Delaware County. The appellants acquired title to a triangular shaped lot of land, on November 5, 1957, situate in an "A-Residential" district which restricts construction to "single-family detached dwellings." They applied to the building inspector for a variance to permit the construction thereon of a one-story building to be used as an auto repair shop. The variance was refused. An appeal to the board of adjustment resulted in a denial of the application. Upon appeal, the Court of Common Pleas of Delaware County affirmed the action of the board. It is now urged that the zoning code of the borough is unconstitutional in that it operates in an "arbitrary, capricious, discriminatory and confiscatory" manner as to the property involved.

The land has a frontage of 110 feet on a public boulevard, a depth of 134.55 feet on the eastern line and a depth of 173.97 on the hypotenuse. Because of the unusual shape of the lot, it is argued that the property cannot reasonably be adapted to the permitted uses, and that to enforce the zoning restriction would substantially decrease its value; that the cost of providing water for residential use is high; that the immediate area is a hodge-podge of zoning classifications permitting commercial and recreational variances nearby to the so-called residential area; finally, that the detriment to be suffered by the appellants far outweighs any public benefit or gain resulting from an enforcement of the zoning regulations.

As to the triangular shape of the lot and the uses to which it can be adopted, the evidence justifies the conclusion that the construction thereon of a dwelling, satisfying all zoning requirements, is feasible. The problem is one of size, position and arrangement, and not one of complete abandonment. Further, when this land was purchased, the appellants knew, or should have known, that it was in an area restricted to resi-

dential use. The piece of land involved was carved out of a large. tract owned by the seller. The remaining portion of the tract, 600 feet in front. and 200 feet in depth, is still owned by the same party. Apparently, the shape of the land. purchased was deliberately conceived to provide adequate frontage for the commercial use desired at a minimum expenditure. The piece was designed to fit a commercial use in disregard of the zoning regulations. It is a reasonable conclusion that a larger piece of the land. was, and still is, available for purchase. Under such circumstances, any hardship the appellants may suffer is clearly of their own seeking. Certainly, such a self-created hardship should not be considered as against the public good.

While the general area in which the land is located is largely residential, some commercial and recreational uses, and a cemetery are in the vicinity. They exist in areas already zoned for such uses or were in being before the enactment of the zoning ordinance. The result, it is urged, is an ill-balanced scheme of zoning which renders it unfair to enforce the regulations. This alleged hardship is not unique to this lot of land but applies to the other abutting properties. An appreciable area of ground surrounding appellants' lot is in a residential classification. Again, if the appellants find themselves in a detrimental position, it is one they voluntarily chose. Further, there must be a line of demarcation somewhere between a commercial area and a residential zone. The fact that lines of demarcation appear where they do on a zoning map is a matter within the power of the municipal authorities: *Pincus v. Power,* 376 Pa. 175, 101 A. 2d 914 (1954) ; *Smolow v. Zoning Bd. of Adj.,* 391 Pa. 71, 137 A. 2d 251 (1958). The exercise of this judgment will not be interfered with by the courts except in cases where it is obvious that the classification has no substantial relation to the public health, safety, morals or general welfare:

*Tidewater Oil Co. v. Poore,* 395 Pa. 89, 149 A. 2d 636 (1959). The argument advanced that the existence of an auto repair shop on this location would not offend, to any reasonable extent, the public interest is untenable. To accept such an argument, in the circumstances this case presents, would put an end to all zoning and allow the encroachment of business and industry into almost every zone. See, *Swade v. Sprinfield Twp. Zoning Bd. of Adj.,* 392 Pa. 269, 140 A. 2d 597 (1958).

Lastly, the water supply problem in this case is similar to the sewer line problem presented in the *Cresko Zoning Case,* 400 Pa. 467, 162 A. 2d 219 (1960). What was said in that instance applies with equal force herein.

Order affirmed.