## Amchem Products, Inc., Appeal

*Elmer L. Menges*, for appellant.

*John P. Knox* and *Foulke, Knight & Porter*, for zoning board of adjustment.

FORREST, P. J., April 19, 1962.—This is an appeal from the decision of the Zoning Board of Adjustment of Lower Gwynedd Township, affirming the order that a sign be removed from certain property in a residential zoning district. Appellant contends that the decision was arbitrary and confiscatory and that the zoning ordinance is unconstitutional insofar as it applies to appellant's property.

The zoning officer on July 21, 1961, ordered the sign

to be removed. Appellant appealed from this order to the zoning board of adjustment, which held a hearing pursuant to notice. The notes of testimony were transcribed. From the evidence, the zoning board of adjustment made findings of fact which we adopt in toto, which, with minor additions for the sake of clarity, may be stated as follows:

1. Appellant, Amchem Products, Inc., is a well-known chemical and paint company and owns property in Lower Gwynedd Township.

2. The tract in question is zoned "A" residential and is located on the north side of McKean Road and the east side of the Route 309 Expressway.

3. Appellant has owned this tract since 1952 and it is approximately 45 acres in size. It is used as an experimental farm.

4. Without obtaining a zoning permit, appellant erected the sign in question on these premises on or about April 20, 1961.

5. The sign is eight feet high and 72 feet long with an area of 576 square feet. It consists of three panels. The sign is supported by posts. The bottom of the sign is approximately four feet from the ground.

6. The sign reads in very large letters covering most of the sign area, "Amchem Research Farm Weedone." Weedone is one of Amchem's leading chemical products; it is a growth inhibitor.

7. The sign is illuminated by fluorescent lights suspended over the sign, four feet away from the sign, with reflectors pointed downwards.

8. The lights are on an automatic timer and are on from sunset to 11:00 p.m., seven days per week.

9. The sign is located approximately 700 feet from the north side of McKean Road and approximately 380 feet from the expressway, which it faces.

10. The sign is visible from the expressway for a distance of approximately 1,800 feet along the expressway, beginning at the bridge over McKean Road and going in a northward direction.

11. The nearest residence to the premises in question is located on the north side of McKean Road, immediately adjacent to the expressway and the sign cannot be seen from this house because of the steep expressway embankment.

12. The sign is not within several hundred feet of any dwelling and there appears to be substantial screening, by way of trees and hedgerows, between the sign and the adjoining neighboring properties.

13. The sign is several times larger in area than signs permitted even in commercial districts under the Lower Gwynedd Township Zoning Ordinance.

The Lower Gwynedd Township Zoning Ordinance of 1941, as amended, art. IX, §1500, provides that in "A" residential districts, signs may be erected and maintained only when in compliance with the provisions of this article. Signs which are permitted are those advertising the sale of farm products or home handicrafts, and signs for professional use not exceeding 125 square inches in area, real estate sale or rental or "sold" or "rented" signs, danger or no trespassing signs not exceeding 150 square inches in area; signs not exceeding 15 square feet in area for educational, religious, philanthropic, hospital, sanitarium, club, fraternal or other similar institutions; signs of mechanics or artisans or installers not exceeding 15 square feet in area.

Appellant concedes that its sign is not permitted by the ordinance. However, it contends that in April, 1961, when it erected the sign, there was no valid ordinance requiring it to secure a permit. Appellant relies on the case of Eves v. Zoning Board of Adjustment, 401 Pa. 211 (1960). That case did not decide

that the entire zoning ordinance was invalid; it merely decided that the procedure prescribed for delineating the boundaries of areas to be classified as limited industrial was unauthorized by the Second Class Township Code.

The constitutionality of regulation of prohibition of billboards or large signs in residential zones was affirmed in Liggett's Petition, 291 Pa. 109 (1927), and this has been settled in Pennsylvania since that time, particularly where the signs advertise products sold or manufacturing or other activities conducted on other property: Landau Advertising Co., Inc. v. Zoning Board of Adjustment, 387 Pa. 552 (1957). In the instant case, the premises are devoted to agricultural purposes, although the growing plants are subjected to treatment with chemicals manufactured by the appellant. The sign which appellant has erected relates to a purely synthetic product manufactured by the chemical company in a building far removed from the premises.

Appellant contends that the sign is not visible from any residence in the neighborhood and is only visible for a limited distance by those travelling on the expressway. It concedes that zoning ordinances are valid general legislation "whenever they are necessary for the preservation of public health, safety, morals or general welfare, and not unjustly discriminatory, or arbitrary, or unreasonable, or confiscatory in their application to a particular or specific piece of property": Medinger Appeal, 377 Pa. 217 (1954). However, it argues that since the sign does not affect any of the neigbors one iota—not even aesthetically—unless they are travelling on the throughway, the ordinance insofar as it relates to signs, is unconstitutional as to the appellant.

This argument has a certain plausibility, but it cannot prevail, for if it did, zoning law would very shortly turn into shambles. Former President Judge Knight

aptly stated in an opinion adopted per curiam by the Supreme Court: "If we were to hold that the Zoning Ordinance . . . was unconstitutional as applied to the appellant's property, then we would throw every zone open to prohibited uses if it could be shown that the prohibited use did not offend against the public health, safety or morals, and we would in effect put an end to all zoning": Swade v. Springfield Township Zoning Board of Adjustment, 392 Pa. 269, 271-272 (1958); Best v. Zoning Board of Adjustment, 393 Pa. 106, 116 (1958). See Lally Zoning Case, 404 Pa. 174 (1961).

The Supreme Court has stated, "We ourselves have a number of times upheld the constitutionality of zoning ordinances which bore no reasonable relation to the health, safety, or morals of the community but whose constitutional validity rested alone upon their promotion of the general welfare": Bilbar Construction Company v. Easttown Township Board of Adjustment, 393 Pa. 62, 74 (1958) (citing Landau Advertising Co., Inc., v. Zoning Board of Adjustment, supra, and Liggett's Petition, 291 Pa. 109).

Finally, appellant contends that the erection and maintenance of the sign is incidental to and accessory to the main operation and use of the property as an experimental or research farm. We disagree. The sign is not related to or useful in the operation of the farm. It is utterly unnecessary for the proper cultivation, development, maintenance and use of the farm. It is an advertisement of a manufactured product, even though it contains the words "research farm."

Appellant essentially is requesting a variance from the provisions of the ordinance expressly prohibiting signs. "On an appeal from the action of a zoning board in issuing or refusing a variance, the record is examined only to determine whether or not there has been a manifest abuse of discretion or an error of law":

Grubb Appeal, 395 Pa. 619, 622 (1959) ; Valley Forge Industries, Inc., Appeal, 406 Pa. 387 (1962). The board of adjustment committed neither a manifest abuse of discretion nor error of law.

And now, April 19, 1962, the decision of the Zoning Board of Adjustment of Lower Gwynedd Township is affirmed. Costs on the appellant.