## Jasy Corporation, Appellant, *v.* Board of Adjustment.

Argued January 21, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Lloyd A. Good, Jr.,* with him *Wesley H. Caldwell,* and *Roper & Caldwell,* for appellant.

*H. Lyle Houpt,* for Township Board of Commission-
ers, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 17, 1964:
Appellant applied to the zoning officer of Upper
Moreland Township for a permit to erect a 144 unit
garden type apartment development on approximately
10 acres of land. The land in question is zoned under
the township's zoning ordinance as R-2 Residential, ex-
cept for its frontage on Easton Road, which is zoned
C-Commercial for a depth of 200 feet. R-2 zoning, un-
der the ordinance, allows single family dwellings on
20,000 square foot lots, but does not allow the type of
construction contemplated by appellant.

The zoning officer refused the requested permit and
appellant applied to the board of adjustment for a vari-
ance from the terms of the ordinance. The board de-
nied the variance and an appeal to the court below was
pursued by appellant. The court below took no addi-
tional testimony and sustained the view of the board;
this appeal followed.

The court below having taken no testimony, we ex-
amine the record to determine whether the board of
adjustment clearly abused its discretion or committed
an error of law. *Rieder Appeal,* 410 Pa. 420, 188 A. 2d
756 (1963) ; *Brennen v. Zoning Bd. of Adjust.,* 409 Pa.
376, 187 A. 2d 180 (1963). Our review convinces us
that the board neither abused its discretion nor com-
mitted an error of law and, consequently, the court be-
low properly affirmed the board's decision.

Appellant argues that the variance should have been
granted inasmuch as the property in question is in a
mixed neighborhood, adjacent to properties zoned for
commercial and apartment uses, and that denial of a
variance would result in a hardship.

We have often stated that in order to obtain a vari-
ance, the applicant bears the affirmative burden of

demonstrating the concurrent existence of two factors: (1) that unnecessary hardship will result if the variance is denied, and (2) that the proposed use will not be contrary to the public interest. *Richman v. Zoning Bd. of Adj.,* 391 Pa. 254, 137 A. 2d 280 (1958); *So. Phila. Dr. Beef Co. v. Zoning Bd. of Adj.,* 391 Pa. 111, 137 A. 2d 270 (1958); *Volpe Appeal,* 384 Pa. 374, 121 A. 2d 97 (1956). The unnecessary hardship must be unique or peculiar to the property for which the variance is sought, as distinguished from a hardship arising from the impact of the zoning regulations on the entire district. *English v. Zoning Bd. of Adjust.,* 395 Pa. 118, 148 A. 2d 912 (1959); *Smolow v. Zoning Bd. of Adj.,* 391 Pa. 71, 137 A. 2d 251 (1958); *Michener Appeal,* 382 Pa. 401, 115 A. 2d 367 (1955).

The only hardship which appellant would suffer from the refusal of the requested variance is financial. Such hardship is insufficient to warrant the grant of a variance. *Pincus v. Power,* 376 Pa. 175, 101 A. 2d 914 (1954). In *Board of Adjust. v. Bomgardner,* 412 Pa. 601, 195 A. 2d 356 (1963), we considered a situation similar to the case at bar. In that case, the property owners complained that they could not sell the property for the permitted use and denial of a variance effectively deprived them of their property. They also raised an issue concerning the mixed character of the neighborhood. Here, as in *Bomgardner,* we find that the only substantial hardship proved is that unless a variance is granted, the property will not be developed as profitably as otherwise.

The position of the appellant, which entered into an agreement to purchase the land when it knew, or should have known, that its proposed development was not in accord with the zoning ordinance, is not one which invites sympathetic consideration. *Devereux Foundation, Inc. Zoning Case,* 351 Pa. 478, 485, 41 A. 2d 744 (1945), puts the proposition aptly, as follows:

"It [the applicant], bought the property with full knowledge of the terms of the ordinance, and certainly the mere curtailment of its ambition to expand its work over forbidden territory [here its ambition to erect apartments rather than single family dwellings] is not an unnecessary hardship within the statutory meaning of that phrase; to hold otherwise would be to nullify the entire purpose and effect of the zoning regulations". The record does not show, as contended by appellant, that the property cannot be used within the zoning strictures. All that is shown is that such use might be difficult and might not yield a profit.

Holding, as we do, that no unnecessary hardship results from the refusal of the variance, it is unnecessary to determine whether the public interest would be adversely affected by the granting of a variance, since, as hereinbefore stated, the applicant bears the burden of proving both factors.

Far from finding an abuse of discretion on the part of the board, we find that its decision was dictated by the statutory and decisional law of the Commonwealth, and must be sustained.

Order affirmed.