Borough of Baldwin, Appellant, *v.* Jerome T. Bench, Appellee.

Argued November 9, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Francis A. Barry,* with him *John R. Luke,* and *Luke and Dempsey,* for appellant.

*James F. Malone, III,* with him *Brandt, McManus, Brandt & Malone,* for appellee.

OPINION BY JUDGE MENCER, January 15, 1974:

This is an appeal from a decision of the Court of Common Pleas of Allegheny County reversing the Zoning Board of Adjustment of the Borough of Baldwin (Board) and granting the application of Jerome T. Bench (Bench) for a variance.

In 1969, Bench acquired from his father a property known as 3460 Emma Jo Drive. Bench's father had planned and laid out fifteen lots surrounding Emma Jo Drive and had burdened the property acquired by Bench with a sewage easement for the benefit of the other lots. All of the lots are zoned "R-2", which essentially permits only single family dwellings. All lots located in an "R-2" zone must have a fifty-five (55) foot frontage and seven thousand (7,000) feet of area. Bench's lot at 3460 Emma Jo Drive has only a forty (40) foot frontage.

On March 4, 1971, Bench submitted to the Borough Building Inspector an application for a building permit to construct a single family dwelling on his lot. Bench received a permit on March 5, 1971. However, this permit was subsequently revoked. Bench then applied to the Board for a variance from the frontage requirement. The Board held a hearing, after which the variance request was denied. Bench appealed to the Court of Common Pleas of Allegheny County. The Court granted a hearing *de novo*. Upon the conclusion of the hearing, the Court reversed the decision of the Board. This appeal then followed.

In zoning cases in which the court below heard additional evidence, our scope of review is limited to a determination of whether the lower court committed an error of law or abused its discretion. *McKay v. Board of Adjustment*, 8 Pa. Commonwealth Ct. 29, 300 A. 2d 810 (1973). We hold that the lower court erred in granting a variance when the evidence failed to establish any unnecessary hardship on the part of Bench. We, therefore, reverse.

It is well established that a variance from a zoning ordinance may be granted only in exceptional circumstances when the applicant sustains the heavy burden of proving that there exists under present zoning re-

strictions an unnecessary hardship unique or peculiar to the property, and that the proposed variance would not be contrary to the public health, safety, or general welfare. *The Boulevard Land Corporation v. Zoning Board of Adjustment*, 8 Pa. Commonwealth Ct. 584, 303 A. 2d 234 (1973).

While it is true that a hardship exists when land cannot be used for the purpose for which it has been zoned, more than a *mere* hardship is required. The applicant must show an *unnecessary hardship*. Here, Bench cannot satisfy this criterion because his hardship has been self-inflicted.[1]

We think the Pennsylvania Supreme Court decision in *Volpe Appeal*, 384 Pa. 374, 121 A. 2d 97 (1956), controls the present case. In *Volpe*, the applicant bought two adjacent lots totalling 32,000 square feet in area. He then resubdivided the lots, selling one 20,000 square foot lot (the minimum area required by the applicable ordinance) and retaining 12,000 square feet. He then requested a variance to build on the remaining undersized lot. The court denied a variance for the reason that any hardship was created by the applicant himself.

In the present case, it was Bench's father who developed his property in such a fashion that an undersized lot was created. However, we do not think, under the circumstances of this case, that this alters the rationale of *Volpe*.

Bench was also a developer, and if not actually involved in his father's development plans, certainly must have been well aware of the situation involving the lot in question. The record is not clear, but Bench states in his brief that he received the property from his father

---

[1] The self-inflicted hardship feature distinguishes the instant case from our holding in *Jacquelin v. Horsham Township*, 10 Pa. Commonwealth Ct. 473, 312 A. 2d 124 (1973).

as a gift. Under these facts Bench must assume the same legal status as possessed by his father. Since his father would have been barred from receiving a variance because his hardship was self-inflicted, Bench must also be barred. To decide otherwise would be to completely emasculate the holding in *Volpe*, since a land developer, like the applicant in *Volpe*, need only deed the property to a member of his family in order to circumvent the holding of the Supreme Court.

Bench relies on *Gro Appeal*, 440 Pa. 552, 269 A. 2d 876 (1970), to show that he does not fit under the "self-inflicted hardship" rule enunciated there by the Supreme Court. Of course, it is clear from a reading of *Gro* that the rule on "self-inflicted hardship" as it applies to persons *purchasing* properties with knowledge of the hardship has been limited. However, we think that *Volpe*, and not *Gro*, is applicable to cases in which the hardship arises because an owner *develops* his property in such a fashion as to preclude full utilization of the property in compliance with the zoning ordinance.

It may seem rather harsh to deny a variance when the result will be that the property cannot be used for any purpose at all. However, the Board's counsel at oral argument indicated that the Borough of Baldwin does not desire that Bench never receive a building permit for the lot in question. We were assured that the Borough merely wishes to regulate the type of construction on this undersized lot, and a building permit will be issued to Bench upon his submission of an application acceptable to the Borough Building Inspector.

However, what we decide here is that the lower court erred in granting a variance when the evidence failed to establish unnecessary hardship.

Order reversed.