Richard P. Adair, Appellant *v.* The Zoning Hearing Board of Manheim Borough and Borough of Manheim, Appellees.

Argued March 11, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Lawrence J. Keating,* with him *James F. Heinly,* and *Morgan, Hallgren & Heinly,* for appellant.

*W. Jeffrey Sidebottom,* with him *Barley, Snyder, Cooper & Barber,* for appellee.

OPINION BY JUDGE ROGERS, April 7, 1977:

This is the appeal of Richard P. Adair, a landowner, from an order of the Court of Common Pleas of Lancaster County affirming the action of the Zoning Hearing Board of Manheim Borough denying his application for a variance.

In December, 1966, Adair and three neighboring landowners filed a plan of subdivision with Manheim Borough which was approved by Borough Council in January, 1967. The plan as it concerns Adair, showed a numbered lot measuring 218 feet by 112.5 feet bounded on the south by what appears to be an existing street called East Adele Avenue. Lying to the north of the numbered lot is a tract in which the following legend appears: "Remaining Lands of Richard P. Adair 0.54 acre." The plan also shows a proposed North Oak Street adjacent to and along all of the east boundary of Adair's land, both the numbered lot and

the "Remaining Lands of Richard P. Adair 0.54 acre." The width of proposed North Oak Street is shown as 35 feet; however, the bed of proposed North Oak Street is wholly within the boundaries of Adair's and fellow subdividers' lands only from its intersection with East Adele Avenue to a point 15 feet north of the northern boundary line of the numbered lot. From this point northwardly and along all except the most southerly 15 feet of the 200 feet length of Adair's "Remaining Lands" only 17½ feet of the proposed North Oak Street is on Adair's land. The other 17½ feet is on lands of a neighbor, not one of the subdividers, and is, moreover, in another municipality.

In September 1967, the Borough of Manheim adopted a zoning ordinance. Section 1607 of that ordinance provided, *inter alia,* that no dwelling might be built on a lot which did not front on a street at least 30 feet in width.

On September 11, 1968, one year after the zoning ordinance was adopted, Adair conveyed to one Clinton L. Hoffman the numbered lot above mentioned and in addition the southerly portion of his "Remaining Lands" measuring 39 feet in the north-south dimension. The east side of the land left in Adair's ownership after this conveyance fronted entirely on that portion of proposed North Oak Street, which had only 17½ feet of its proposed width on Adair's land and in the Borough of Manheim. The southern boundary of the lot is about 25 feet north from the northernmost point where the entire 35 feet of the proposed width of North Oak Street is on Adair's land and in the Borough of Manheim.

In 1975 Adair applied to the authorities of Manheim Borough for a permit to build a dwelling house on the remainder of his land just described. His application was refused by the zoning officer whose action was affirmed by the Zoning Hearing Board, which

body's action was in turn affirmed by the Common Pleas Court. The Court took no evidence, so we review the action of the Zoning Hearing Board for error of law or abuse of discretion.

Adair says first, that his property conforms to Section 1607 and second, if it does not, that he should have been granted a variance.

In considering briefly Adair's first point, we should and do reiterate that the lot for which he now seeks a building permit fronts entirely on that portion of proposed North Oak Street one-half of whose proposed 35 feet width is neither on his land or in Manheim Borough. Adair argues, nevertheless, that since he has an easement in all of the streets proposed for dedication by the plan, he has access to East Adele Avenue, a street at least 30 feet wide. Section 1607 of the Ordinance, however, requires frontage on, not merely access to, a 30 feet wide street; and it certainly does not sanction access by means of a right-of-way only 17½ feet wide for at least 25 feet. The lot for which Adair seeks a permit does not front on a 30 feet wide street, nor does it have a right-of-way 30 feet wide for its entire length to a street of that width.

Adair's second argument—that a variance should have been granted—is based on the premise that Section 1607, enacted after the approval of the subdivision, caused his present lot to be nonconforming. This premise is not correct. In fact, the "Remaining Lands of Richard P. Adair 0.54 Acre" shown on the plan of subdivision filed in 1966 fronted for at least 15 feet on a portion of proposed North Oak Street which was in his or his fellow subdividers' title and within the Borough of Manheim. Adair sold this frontage with his numbered lot. As the Zoning Hearing Board and the Lancaster County Court of Common Pleas held, Adair created the hardship of which he now complains. The case is on all fours with *Borough of Bald-*

*win v. Bench,* 11 Pa. Commonwealth Ct. 410, 315 A.2d 911 (1974). Adair's dependence on *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A. 2d 426 (1970), as authority for allowing variances from self-created conditions is misplaced. There the deviation from a sideyard requirement was one of seven inches and the Supreme Court's holding on a neighbor's appeal was that the grant of a variance was no abuse of the zoning board's discretion. We believe that it was not an abuse of discretion by the Manheim Board to refuse a variance from the requirement that lots front on 30 feet wide streets to a developer[1] who has subdivided so as to leave his lot with, at best, a 17½ feet wide easement.

We have examined all of the cases cited by Adair and find them to be distinguishable or inapposite. *Volpe* and *Bench* control.

We therefore affirm the trial Court's order.

### Order

And Now, this 7th day of April, 1977, it is Ordered that the order of the Court of Common Pleas of Lancaster County be and it is affirmed.

---

[1] *See Volpe Appeal,* 384 Pa. 374, 121 A.2d 97 (1976) ; *Borough of Baldwin v. Bench, supra.*