**Harold A. J. Hauser, Jr. and Jean M. Hauser, Appellants *v.* Borough of Catasauqua Zoning Hearing Board, Appellee.**

Argued June 9, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Paul A. McGinley,* with him *Gross, McGinley & McGinley,* for appellants.

*Todd S. Miller,* with him *Martin J. Karess,* for appellee.

OPINION BY JUDGE BLATT, August 31, 1977:

This is an appeal by Harold A. J. Hauser and Jean M. Hauser from an order of the Court of Common Pleas of Lehigh County which affirmed a decision of the Zoning Hearing Board (Board) of the Borough of Catasauqua denying in part their application to convert a pre-existing nonconforming use. The facts of this case are set out fully in a prior opinion of this Court, *Hauser v. Borough of Catasauqua Zoning Hearing Board,* 20 Pa. Commonwealth Ct. 313, 341 A.2d 566 (1975), and will be only briefly restated here.

The property is located on both sides of Lehigh Street in the Borough of Catasauqua; the portion on the east side of the street is located in an R-2 Medium Density Residential district while that on the west side

is located in an S-1 district which allows certain public services. The prior owner had utilized the property in a roofing and general contracting business which was a nonconforming use approved by the Board. The Hausers purchased the property in 1973 and applied for the Board's approval to convert the existing nonconforming use to one which would permit the building to be used as a warehouse and automobile and truck repair shop. The Board denied permission to use the premises as an automobile and truck repair shop, stating that this proposed use would cause additional traffic congestion and noise in the area. Upon appeal to this Court, we reversed the Board's decision because these reasons were inadequate under the Borough's applicable zoning ordinance. The ordinance provides that a nonconforming use may be changed to another nonconforming use only if such a change is more appropriate to the character of the district in which it is located. Because the record was incomplete on the exact nature of the prior owner's use of the property, we remanded the case to the Board to determine this issue and then directed it to make an objective determination as to whether or not the proposed use was more appropriate than the prior use to the character of the district in which the property was located.

After conducting a hearing, the Board decided that the prior owner had used the property primarily as a garage, which the Board classified as a Class 4 Commercial Use under the Borough's zoning ordinance. The Board classified the landowner's proposed use as a Class 5 General Industrial and Heavy Commercial Use, primarily because of the weight of the vehicles the Hausers wished to repair.[1] Noting that the proposed

---

[1] The Borough's zoning ordinance describes a Class 4 Commercial Use as including "mechanical and vehicle equipment repair establishments limited to automobiles and trucks not exceeding two tons."

use was more intensive than the prior use, the Board concluded that the Hausers' proposed use was not more appropriate than the prior use to the character of the districts in which the property was located and denied permission to conduct a tractor trailer repair business on the premises. The Board, however, did give the Hausers permission to continue the prior owner's nonconforming use of the property, *i.e.* the repair of automobiles and trucks whose weight did not exceed two tons. The lower court affirmed the Board's decision without taking further evidence and this appeal followed.

In a zoning appeal where the lower court took no additional evidence, review by this Court is limited to a determination of whether or not the zoning authorities committed an error of law or an abuse of discretion. *Adair v. Zoning Hearing Board of Manheim Borough* 29 Pa. Commonwealth Ct. 516, 371 A.2d 1035 (1977). The Hausers argue here that the Board both abused its discretion and committed an error of law in denying their application.

The Hausers argue initially that the Board did not follow the instructions of this Court in determining the prior owner's use of the premises and that the determination made by the Board of this issue is not supported by the evidence. The record discloses that the Board had given the prior owner approval to use the premises for ''office, storage, and garage.'' We stated in our prior opinion in this case that '' [t]he present landowners must derive whatever nonconforming use rights they have from [the prior owner's] *lawful* use of the premises as an 'office, storage, and garage' facility,'' *Hauser, supra,* 20 Pa. Commonwealth Ct. at

---

The ordinance describes a Class 5 General Industrial and Heavy Commercial Use as including "all types of general industrial and heavily commercial uses."

317, 341 A.2d at 570 (emphasis in original). Because the record did not clearly indicate under which of these lawful nonconforming uses the prior owner's activities could be classified, we directed the Board to determine that issue. The Board subsequently held a hearing and heard testimony from the property's prior owner and the Borough's former building inspector who had inspected the property several times during the period of prior ownership. Based on this testimony, the Board determined that the prior owner had used the premises primarily as a garage for the storage and occasional repair of vehicles used in his business. In this context, we are satisfied that the Board correctly followed the instructions contained in our prior opinion and our review of the testimony before the Board reveals that there was sufficient evidence offered to support the Board's determination.

The Hausers advance a number of additional arguments in support of their contention that the Board committed an error of law in denying their proposed use. They argue first that the Board, in deciding that the property was used primarily as a garage, relied upon evidence that the prior owner had permitted the premises to be used in the repair of his employees' automobiles (a nonconforming use unauthorized by the Board). Our review of the record, however, indicates that the Board's determination of this issue was based on testimony that the premises were used for the parking and occasional repair, not of employees' automobiles, but of *vehicles used in the prior owner's business.* The Hausers also urge that their proposed use of the premises is more appropriate to the districts in which the property is located than was the prior owner's use.[2]

---

[2] The Borough zoning ordinance concerning the conversion of a prior nonconforming use provides:

We believe, however, that the Board correctly applied the schedule of uses contained in the Borough's zoning ordinance to determine that the Hausers' proposed use of the premises as a tractor trailer repair shop was more intense than the former owner's use of the premises as a garage and that the proposed use was therefore not appropriate to the noncommercial districts in which the property was located.

The Hausers argue finally that the Board's opinion does not contain sufficient findings of fact and conclusions of law. Our review of the opinion, however, indicates that the Board's findings of fact and conclusions of law are sufficiently set out along with the reasons therefore to satisfy the requirements of the Pennsylvania Municipalities Planning Code.[3] *See Lando v. Springettsbury Township Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 312, 286 A.2d 924 (1972).

 The order of the Board is affirmed.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).

### ORDER

AND Now, this 31st day of August, 1977, the order of the Court of Common Pleas of Lehigh County dated September 1, 1976 and numbered 646 January Term, 1976, is hereby affirmed.

---

Change of Use — A nonconforming use or structure may be changed to another nonconforming use or structure only if such change is more appropriate to the character of the District in which it is located as determined by the Board.

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10101 et seq.