## Mack Zoning Appeal.

Argued March 14, 1956. Before STERN, C. J., JONES, BELL, MUSMANNO and ARNOLD, JJ.

C. *Francis Fisher*, with him *Brenlove, Fisher, Stein & Winters*, for appellant.

*William D. Sutton*, with him *Henry A. Morrow, Jr.*, for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, April 16, 1956:

The refusal by the Board of Adjustment of plaintiffs' petition for a variance to enable them to build an addition to their building was an abuse of discretion on the part of the Board. On appeal to the County Court of Allegheny a hearing was had de novo as a result of which the court properly reversed the action of the Board and ordered that the requested permit be granted. From its order the Board now appeals.

The Macks are the owners of a tract of land in Upper St. Clair Township, Allegheny County. The property is situated within an area designated by the zoning ordinance of the township as a single-family-dwelling district. Before the passage of the ordinance, however, the Macks used their property as a service station equipped with gasoline pumps and other appurtenances; they occupied an apartment on the second floor as their residence. To the rear of their lot the ground slopes upward at a rather steep grade and between the rear wall of the building and the beginning of the slope is a rectangular open area. Under a build-

ing permit previously granted they had erected a retaining wall against the slope in order to prevent slides of dirt, mud and water onto their property. In October, 1953, they applied to the Township Secretary for a permit to erect a one-room addition to the rear of their building, approximately 60 by 22 feet, by roofing over the area between the rear wall and the retaining wall. They stated that this additional room was needed because of the normal expansion of their business and that it was to be used for the storage of tires and for the storage, sale and repair of lawn mowers. The Township Secretary refused the permit and his action was upheld by the Board of Adjustment on the ground that the storage and repair of the lawn mowers was a purpose dissimilar to that of the service station and therefore did not represent a normal expansion of their nonconforming use. In September, 1954, petitioners again requested a permit for such a one-room addition which the Township Secretary again refused although this new application stated that the use of the new room would be limited to service station purposes and would not involve any new or additional use, it being intended that only tires, greasing equipment and oil would be stored in the addition. Nevertheless the Board of Adjustment, after an informal hearing, rejected petitioners' appeal on the ground that the application was no different than the one that had previously been denied.

". . . a non-conforming use cannot be limited by a zoning ordinance to the precise magnitude thereof which existed at the date of the ordinance; it may be increased in extent by natural expansion and growth of trade, neither is it essential that its exercise at the time the ordinance was enacted should have utilized the entire tract upon which the business was being conducted": *Humphreys v. Stuart Realty Corporation*, 364

Pa. 616, 621, 73 A. 2d 407, 409; *Davis Appeal*, 367 Pa. 340, 345, 80 A. 2d 789, 791; *Philadelphia Art Alliance v. Philadelphia Zoning Board of Adjustment*, 377 Pa. 144, 149, 104 A. 2d 492, 494. It is true that the expansion of a nonconforming use does not in and of itself entitle the owner to erect structures on a portion of his land not previously occupied by his business enterprise, but it does constitute an important factor in the consideration of the question whether a variance should be granted for that purpose. Here the petitioners requested such a variance, and, while it was incumbent upon them to establish that a refusal of the permit to build this one-room addition would result in an unnecessary hardship and would not be contrary to the public interest, they clearly met those conditions. Not only would such refusal prevent them from taking advantage of the normal increase of their business, but it would not serve any useful purpose whatever. It was shown that the proposed addition would not even be visible from the highway or from homes located to the rear of the property and that it would not be objectionable to the neighbors; indeed no one appeared before the Board in opposition to the granting of the permit, and, on the contrary, several of the neighbors stated that they were in favor of it. All that the project involved was a slight raising of the height of the retaining wall and the roofing over of the space between that wall and the rear wall of the service station building. There was testimony that the additional structure would serve to eliminate the danger to children playing on the hillside of falling into depressions on the rear of the petitioners' land, and also that it would do away with the existing hazardous storage of oil in the vicinity of a boiler in the service station. Certainly the right of the petitioners to obtain the variance under the circumstances is quite as clear as that of the appli-

cant in *Blanarik Appeal*, 375 Pa. 209, 100 A. 2d 58, and in *Peirce Appeal*, 384 Pa. 100, 119 A. 2d 506, where such variances were allowed.

It is claimed by the Board of Adjustment that the petitioners had no right to appeal to the court below because of their failure to do so within 30 days after the Board refused their application in December, 1953, it being argued that the time for appeal could not be extended by the filing of a second application, citing *Krinks' Appeal*, 332 Pa. 236, 242, 243, 2 A. 2d 700, 703. However that may be,* the second petition presented to the Board was not identical with the first; it avoided the Board's objection to the original application, the petitioners now averring that they would not use the proposed addition to their property for any new purpose. From the decision of the Board on this second petition the present appeal was properly taken within the time prescribed by statute.

Order affirmed.

---

* Cf. apparently contra, *Triolo v. Exley*, 358 Pa. 555, 556, 557, 57 A. 2d 878, 879; *Crawford Zoning Case*, 358 Pa. 636, 640, 57 A. 2d 862, 864; *Peirce Appeal*, 384 Pa. 100, 102, 119 A. 2d 506, 508; *Whitford Liquor License Case*, 166 Pa. Superior Ct. 48, 52, 70 A. 2d 708, 710.