## Walter v. Philadelphia Zoning Board of Adjustment, Appellant.

Argued January 13, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, with him *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellant.

*Robert G. Hess,* with him *Howland and Hess,* for appellees.

OPINION BY MR. JUSTICE POMEROY, March 20, 1970:

By this appeal, the Zoning Board of Adjustment of the City of Philadelphia (the Board) seeks our review of an order of the Court of Common Pleas which directed the Board to grant Karl and Rosa Walter (appellees herein) a use variance permitting them to operate an apartment building as an eight family residence. At issue is the effect to be given to an amendment to the applicable zoning ordinance, the amendment having taken effect after the construction of the apartment but before the purchase of the building by the appellees.

Prior to October 1, 1962, the area in which the appellees' building was located was zoned "C" residential. That classification allowed multiple family use as a matter of right, the permissible number of residences per building being determined in each case by certain

open area requirements. Effective October 1, 1962, the area in question was rezoned "R-5" residential, a classification which makes no provision for multiple family dwellings. As constructed, the apartment building in question contained seven apartments and a basement area, with bath, which was set aside for the recreational use of the tenants. Under the "C" classification and the applicable open yard requirements, no more than seven units would have been permitted unless more land were acquired. Under the "R-5" classification, the building was a nonconforming use.

The Walters acquired the apartment building and lot on July 31, 1963, and at settlement they received a zoning certificate indicating that the legal use of the property was as a seven-family dwelling. In 1965, the appellees decided to attempt to convert the basement recreational area into an eighth apartment. The Zoning Division of the Philadelphia Department of Licenses and Inspections, upon application, refused to permit such a conversion, and thereafter the appellees petitioned the Zoning Board of Adjustment for a variance permitting their use of the property as an eight-family residence. At the hearing before the Board, the appellees testified that, after their purchase of the subject property, they had acquired an easement to an adjoining strip of land which, when combined with the lot already owned, would have permitted use of the apartment by eight families had the "C" Classification still been in effect. The Board unanimously refused to grant a variance, finding that the Walters had failed to demonstrate that enforcement of the residential classification would result in unnecessary hardship or that grant of the variance would not be contrary to the public interest. Appellees appealed the Board's refusal to the Court of Common Pleas, which took no additional testimony. Accordingly, the scope of its review was limited to a determination of whether the Board

clearly abused its discretion or committed an error of law. *Upper Providence Township Appeal,* 414 Pa. 46, 198 A. 2d 522 (1964).

The court found that the Board had abused its discretion in refusing the variance. The basis of that determination was the court's conclusion that appellees' easement in the adjacent property, had it been acquired prior to October 1, 1962, would have entitled appellees to maintain eight apartments in the building as of right. On the basis of that conclusion and the appellees' statement that the basement area was unused by the tenants of the building, the court determined that a hardship adequate to justify a variance had been demonstrated and that the Board had abused its discretion in finding to the contrary. The court did not specifically treat the Board's finding that a variance would be contrary to the public interest. From the lower court's reversal of the Board's decision refusing the variance, this appeal was taken by the Board. We reverse.

It is well established that an applicant, in order to establish a right to a variance, must prove "(1) unnecessary hardship upon and which is unique or peculiar to the applicant's property, as distinguished from the hardship arising from the impact of the Zoning Act or regulations on the entire district; and (2) that the proposed variance is not contrary to the public safety, health, morals or general welfare." *Marple Township Appeal,* 430 Pa. 113, 114, 243 A. 2d 357 (1968). It is equally well settled that "one who seeks a variance cannot be heard to complain of a hardship involved when the same condition was present to his knowledge when he purchased the property." *McClure Appeal,* 415 Pa. 285, 288, 203 A. 2d 534 (1964). Clearly the hardship in question—the use restriction effected by the 1962 amendment to the zoning ordinance—was known, or should have been known, to appellees,

for it is uncontested that the permissible use of the premises was set forth in the zoning certificate which they received at the time of settlement. That the appellees might have been able to maintain the requested additional apartment under the prior zoning code after they had acquired the instant easement is wholly irrelevant to the issue at hand. Appellees' request for a variance is governed by the provisions of the zoning ordinance as it exists at the time of the application for a variance. It is that ordinance which is the controlling declaration of public policy as to the subject property; that a different policy may have prevailed some years in the past is of no account. Under these circumstances, the Board was amply justified in finding that the appellees had failed to demonstrate that enforcement of the zoning code as to their property created that unnecessary hardship which is the prerequisite of the grant of a variance, and the court below erred in relying on the provisions of the prior zoning ordinance to reach a contrary conclusion.

Appellees argue, however, that the present controversy is controlled by the recent case of *Silver v. Zoning Board of Adjustment*, 435 Pa. 99, 255 A. 2d 506 (1969) and that the grant of a variance is required even if there was no adequate proof of unnecessary hardship. Appellees' reliance on that decision is misplaced. In *Silver,* this Court held unconstitutional a provision in the 1962 Philadelphia Zoning Code which provided that nonconforming multiple dwellings should be deemed nonconforming as to the specific number of dwelling units contained therein at the time of the Code's adoption. But the *Silver* case's holding that such a blanket prohibition of the natural expansion of nonconforming uses was constitutionally impermissible did not entail the further conclusion that all restrictions on the expansion of nonconforming uses were equally impermissible. Indeed, the Court specifically

stated that a "municipality certainly can condition such expansion on certain prerequisites and standards necessary for the preservation of the health, safety and welfare of the community. . . ." *Silver v. Zoning Board of Adjustment, supra,* at page 103. Nothing in *Silver* indicates that a party seeking a variance for an expansion of a nonconforming residential structure need not meet the ordinary requirements for the grant of a variance; such an applicant must still establish that refusal to grant such a variance would cause an unnecessary hardship peculiar to that property and that grant of the variance would not be contrary to the health, safety and general welfare.

Where the lower court reverses a zoning board's grant or refusal of a variance without a showing that the board's action constituted an error of law or an abuse of discretion, the court's decision must be reversed. *Village 2 at New Hope, Inc. Appeals,* 429 Pa. 626, 241 A. 2d 81 (1968). We are satisfied that this is such a case, and that the court below was itself in error in directing the grant of a variance to appellees.

Order reversed.