## Township of Lower Yoder v. Lester J. Weinzierl, et ux.

Argued February 16, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Samuel R. DiFrancesco, Sr.,* with him *DiFrancesco & DiFrancesco,* for appellant.

*Edward G. Kuyat, Jr.,* with him *Franke, Ayres, Hager, Kuyat & Walker,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 22, 1971:

Appellant, Lower Yoder Township, has appealed an order of the Court of Commmon Pleas of Cambria County which granted the expansion of a nonconforming use in that township. We affirm.

The Weinzierls are owners of a lot in Lower Yoder Township, Cambria County, upon which they presently have a garage building thirty by forty feet, housing an auto body business known as Westwood Auto Body. The business has been operating since 1958 and has been a nonconforming use since the enactment of the township zoning ordinance, February 1, 1960. The owners have requested a permit to expand the use of their building forty by thirty-three feet but were denied the permit by the Board of Zoning Appeals.

An appeal was taken to the Court of Common Pleas of Cambria County, whereupon an evidentiary hearing

was held. Considering the permit request on its merits, the court below held as follows: "The petitioners have submitted a plan of improvement that will be an asset and beautification to the area and the community over what presently exists on said premises. We find that the proposed enlargement is a reasonable enlargement of an existing structure, and is to be erected on the same lot or plot of ground where present building is, even though located in a district restricted against said use . . . and that such enlargement will not be detrimental to, or tend to alter the character of the neighborhood. We find that said proposed enlargement should be permitted as provided under section 34(d)4 of the ordinance. . . . We find the petitioners' desired expansion or enlargement as requested is required by the natural expansion and growth of trade, and that the extension does not go beyond what is necessary to protect the original property interests."

Since testimony was taken by the court below, our task on appeal is to consider whether the court, not the board, manifestly abused its discretion or committed an error of law. *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 137 A. 2d 280 (1958). We hold that the lower court did not err.

Appellant, Lower Yoder Township, raises four questions of fact and one of law in its appeal. Factually, the township contends the following: (1) The extension is an unreasonable enlargement of noise, dust, fumes and air pollution; (2) The extension is not required by the business; (3) The extension is detrimental to the neighborhood; and (4) The extension would decrease the value of the neighboring properties. Sufficient testimony, some of it conflicting, relating to all of these issues was presented before the court below. Where that court has reached a conclusion based upon that evidence, we cannot substitute our own judgment short of finding a manifest abuse of discretion. *Rolling*

*Green Golf Club Case,* 374 Pa. 450, 97 A. 2d 523 (1953). Since the record supports the findings of the court, we must affirm.

The question of law raised by the Township stems from the construction of the zoning ordinance. Section 34(d) of that ordinance reads in part as follows:

"Where by reason of . . . exceptional circumstances, the strict application of any provisions of this ordinance would result in exceptional practical difficulty or undue hardship upon the owner of any specific property, the Board in passing upon appeals shall have the power to vary or modify such application or to interpret the meaning of this ordinance so as to relieve such difficulty or hardship; provided that such variance, modifications or interpretation shall remain in harmony with the general purpose and intent of this ordinance, so that the health, safety and general welfare of the community shall be conserved and substantial justice done. In the exercise of this power the Board may, among other variances, modifications and interpretations, authorize a permit to be issued for:

". . . 4. A reasonable enlargement of existing structures or the erection on the same lot or plot of ground of reasonably necessary additional structures for trade, business or industry, even though located in a district restricted against such use, where such enlargement or expansion of existing trade . . . will not be detrimental to or tend to alter the character of the neighborhood."

The township contends that this section requires the issuance of a variance for the extension of a nonconforming use, and that the applicant has not presented evidence sufficient to support the finding of hardship in light of *Ventresca v. Exley,* 358 Pa. 98, 56 A. 2d 214 (1948). We disagree with this interpretation of Section 34.

Subsections one through seven of Section 34 set forth situations in which the power given the Board

may be exercised. Each of these subsections delineates an exceptional circumstance; e.g., a lot divided by a district boundary or hampered by topographical impracticality. It seems clear that the ordinance itself simply defines the mere existence of the situation as an example of practical difficulty. When the Board has related these examples to a case at hand, it only need determine whether the extension would be detrimental to the public health, safety or general welfare.

The courts of this Commonwealth have held that nonconforming uses include the right of natural expansion so long as that expansion is reasonable and not detrimental to the welfare of the community. *Pierce Appeal*, 384 Pa. 100, 105, 119 A. 2d 506 (1956); Ryan, *Pennsylvania Zoning*, §7.4 (1970). The interpretation given Section 34 by this Court would make it consistent with that body of case law. Even though the appellant's interpretation which would place the onerous burden of variance standards between the owner of a nonconforming use and his right to reasonable, natural expansion has been recognized by our Supreme Court, *Walter v. Phila. Zoning Board of Adjustment*, 437 Pa. 277, 263 A. 2d 123 (1970), we hold that Section 34(d)4 does not intend that a request for the expansion of a nonconforming use is a variance request. For this reason, we affirm the decision of the court below that Section 34(d)4 does not require the showing of unique hardship. The court below has committed neither a manifest abuse of discretion nor an error of law.

Affirmed.