Gladys deH. Shinn, William Shinn, Ann O'Brien, John B. O'Brien and Frank Titlow, Appellants, v. Lower Merion Township Zoning Hearing Board, Appellee, and Atlantic Richfield Company and Margaret Laughead, Intervening Appellees.

Argued October 1, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Petition for reargument denied, December 5th, 1973.

*W. Horace Hepburn,* with him *Justin G. Duryea* and *Duryea, Larzelere & Hepburn,* for appellants.

Robert S. Ryan, with him Henry S. Bryans, Lewis H. Van Dusen, Jr. and Drinker, Biddle & Reath, for appellee.

James S. Kilpatrick, Jr., with him Thomas J. Burke and Haws & Burke, for intervening appellees.

OPINION BY JUDGE WILKINSON, November 21, 1973:
"The case herein represents a unique factual situation and an unusual zoning question which does not fall into any of the formalized categories yet decided. It is unlikely to occur again and the law, being a living instrument, must try to benefit the community, protect the property of all, without distorting the precedents existing. The Lower Merion Board has done it and we agree with its findings."

We open our opinion with these closing remarks of Judge SMILLIE in his able opinion for the court below. We agree with him and affirm the decision.

The intervening appellees presented their case to the Zoning Hearing Board originally and on remand for further testimony and reconsideration. The lower court has considered it twice, the first time remanding for further testimony concerning the existence of a nonconforming use and for elaboration of the opinion, and the second time on appeal from the remand hearing. In every instance, it has been the unanimous opinion of the Board and the court below that intervening appellees should have the right to demolish an existing service station and a residence on the subject property and to erect in their places a larger station, occupying the entire property.

Stripped to its essential, relevant bare bones and perhaps with over-simplification, the facts of the case are these: From 1926, prior to any zoning ordinance, and until 1936, a service station was operating at 1105 Youngsford Road (approximately 75 feet to the north-

east of 351 Conshohocken State Road). In 1936, the owner of both tracts sought permission of the Board of Adjustment (predecessor of the Zoning Hearing Board) to transfer this service station to 351 Conshohocken State Road. The permission was granted. The nubbin of this case, which all parties, as well as the Zoning Hearing Board and the lower court have realized fully from the beginning, is: Did this action of the Board of Adjustment constitute granting permission to move a nonconforming use from 1105 Youngsford Road to 351 Conshohocken State Road, or was it merely the granting of a variance for the use of 351 Conshohocken State Road as a service station in a residential zone without regard to what would happen at 1105 Youngsford Road thereafter?

Those in support of calling it the granting of a variance assert it was then and is now improper and beyond the Board's authority to transfer a nonconforming use. Those in favor of calling it a transfer of a nonconforming use argue, equally forcefully, that it would have been just as improper and beyond the Board's authority to grant a variance, for no undue hardship was shown. The entire testimony on undue hardship at the hearing on February 27, 1936, before the Board of Adjustment, the transcript of which was made a part of this record, was: "Q. In what respect would this be a hardship on you [the owner] if you were not allowed to do that [i.e., not permitted to transfer the service station to 351 Conshohocken State Road]? A. Well, it would make an awfully big difference in the station, for one thing. Q. You knew how it was zoned when you bought it, didn't you? A. Yes. . . . Q. You bought the property on the corner with the object of moving the gas station to the corner? A. That's right."

At the rehearing ordered by the lower court to determine factually whether it was treated as a transfer of a nonconforming use, or as a grant of a variance, it was

clear that when the station was moved, the old site was changed into a residence to conform to the zoning. Following the rehearing, the Board made the following supplemental finding of fact: "4. The operation of a gasoline station at 1105 Youngs Ford Road prior to 1926 was a valid nonconforming use since the use predated the adoption of the Lower Merion Zoning Ordinance in 1927? There is no evidence in the record, however, to justify the grant of a variance to construct a gasoline station on the adjoining corner property. Therefore, the grant of a variance in 1936 to allow Mr. Laughead to demolish the gasoline station at 1105 Youngs Ford Road and to construct a new station on the adjoining corner property can only be justified as a decision by the Board to allow the transfer of a valid nonconforming use from an interior lot to an adjoining corner lot. Under these circumstances, the Board finds that the existence of the present authorized station on the corner lot constitutes a valid nonconforming use." Its opinion was enlarged, in part, as follows:

"With the 'expiration' problem placed to one side, the central question in the case is whether the Applicants' present use of the property should be treated as a nonconforming use or whether it is merely a use created by variance. If the Applicants' present use is treated as a nonconforming use, then expansion and modernization of that use are permitted provided the expansion is confined to the lot encompassing the nonconforming use. See: Silver v. Zoning Board of Adjustment, 439 Pa. 99 (1969); Mack Zoning Appeal, 384 Pa. 586 (1956); Pierce Appeal, 384 Pa. 100 (1956); Humphreys v. Stewart Realty Corp., 364 Pa. 616 (1950). On the other hand, if the present use is not characterized as a nonconforming use, then it would appear that there is no right of natural expansion for a use created by variance. See: William Chersky Joint Enterprises v. Board of Adjustment, 426 Pa. 33 (1967).

"The original Laughead station at 1105 Youngs Ford Road predated the zoning ordinance: See: Finding 3(a). The evidence in connection with the 1936 variance seeking to relocate the gasoline station would not have justified a variance in the traditional sense. Accordingly, it is reasonable for the Zoning Board (i) to treat the 1936 variance as one which, in effect, recognized the nonconforming status of the existing station and authorized its removal to the adjacent corner lot and (ii) to accord the 'moved' use the same nonconforming status which it had before the move. In essence, the Board believes that the obvious basis for the 1936 variance was the concept of relocating or moving the existing nonconforming use. Under the circumstances, the Board must recognize what was done in 1936 by holding that the nonconforming use has been relocated and by granting to the applicants the right to expand which they enjoy under the law of Pennsylvania as a nonconforming use.

"The Protestants argue that the Board's 1936 variance could not have 'moved' the nonconforming use because such a variance would not be permitted were it to be sought today. While it is true that the 1936 variance might not now be granted, this simply is not the issue before the Board. The question whether the existing nonconforming use should have been moved was the issue before the Board thirty-five years ago."

Although not mentioned by the Board, or by the court below, it seems significant to us that the knowledgeable members of the community have considered the existing station as the continuation of the old nonconforming use. At the original hearing on this application, the Chairman of the Zoning Committee of the Gladwyne Civic Association, an architect, stated:

"The Gladwyne Civic Association has passed a resolution recommending the approval of this application,

provided it is based on an extension of a nonconforming use. If it is an application based on a variance, we are opposed to it completely.

. . . .

"Well, we are under the impression that this is operating presently under a nonconforming use, which may be inaccurate. It is in the Gladwyne Plan as the one property which is a nonconforming use."

Judge SMILLIE, writing for the court below, after an extensive and scholarly discussion of the law and the facts in this case, found in favor of the appellees, using the following language: "It is within the limits of the Board's discretion, now, in 1972, to look back to the realities of 1936 as an aid in characterizing the gasoline station use. The Board found that there was no possible basis for the grant of the 1936 variance other than the theory of relocating the nonconforming use, even under the less clearly defined law of 1936. We agree with the Board's conclusions." We agree with the Board and the court below.

Having thus disposed of the difficult problem in the case, there remains the relatively easy question of whether the Board's granting of a variance for a natural expansion of a nonconforming use was an abuse of discretion. It was not. Indeed, under well-settled Pennsylvania law, the intervening appellees have a constitutional right to natural expansion. *See Silver v. Zoning Board of Adjustment*, 435 Pa. 99, 255 A. 2d 506 (1969). Chief Justice STERN aptly put it in *Blanarik Appeal*, 375 Pa. 209, 212, 100 A. 2d 58, 59 (1953), as follows: "Apparently Blanarik required some additional room for the normal increase of his business and it would be imposing a wholly unnecessary hardship upon him to prevent his taking advantage of that increase, while, on the other hand, the proposed extension to his building could not, in the remotest degree, be contrary

to the public interest or militate against the general purpose of the ordinance. . . ."

A discussion of the law with regard to natural expansion of nonconforming uses is contained in Judge CRUMLISH'S opinion in *Township of Lower Yoder v. Weinzierl*, 2 Pa. Commonwealth Ct. 289, 276 A. 2d 579 (1971), and in Judge ROGERS' opinion in *Philadelphia v. Angelone*, 3 Pa. Commonwealth Ct. 119, 280 A. 2d 672 (1971). The instant case fits the requirements and limitations of these cases, especially *Angelone*, for the Board has here found, amply supported by uncontradicted evidence, that the proposed reconstruction not only is an improvement with regard to the health, safety and welfare of the neighborhood but, indeed, is *more conforming* than the existing nonconforming use.

Affirmed.

———

DISSENTING OPINION BY JUDGE MENCER, November 21, 1973:

I respectfully dissent. The permission granted in 1936 to transfer a service station from 1105 Youngsford Road to 351 Conshohocken State Road was labeled a variance but more significantly was for a limited time period of five years. On April 9, 1941, the permission was renewed for an additional five-year period. Since April 9, 1946, the use of the property has been a nonpermitted use rather than a nonconforming use or permitted use by variance.

A nonconforming use was defined by Section 2100 of the applicable zoning ordinance as "[t]he lawful use of a building or land existing on the effective date of this ordinance, or authorized by a building permit issued prior thereto." The use of the property at 351 Conshohocken State Road since 1946 simply does not fall within the definition of a nonconforming use. It is nothing more or less than a nonpermitted use.

The present application for a variance cannot meet the criteria for the grant of a variance, as this record exhibits no unnecessary hardship which is unique to the particular property in question. *O'Neill v. Zoning Board of Adjustment*, 434 Pa. 331, 254 A. 2d 12 (1969). In fact, the property is zoned residential and there existed, at the time of the variance application, a residence on the property. This residence will now be removed to accommodate the planned erection of the new and larger gas station.

The grant of a variance cannot be justified by the conviction that the resulting change will better the community. Furthermore, the permission granted in 1936 was to John D. Laughead, and in my view this is of no help to the present owners in obtaining either an expansion of a nonconforming use or a variance.

Judge BLATT joins in this dissent.