C. A. Snyder, t/d/b/a Rush Motor Sales, Inc. v. Zoning Hearing Board, Borough of Zelienople, Elmer B. Peffer and Barbara Jean Peffer, Frances R. Tipping, Jr., Georgene C. Tipping, Gaillard J. Worstell, June Worstell and George H. Hancher. C. A. Snyder, t/d/b/a Rush Motor Sales, Inc., Appellant.

Argued May 8, 1975, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Frank P. Krizner,* with him *Lee C. McCandless* and *McCandless, Chew & Krizner,* for appellant.

*John L. Wilson,* for appellees.

*George H. Hancher,* for intervening appellees.

OPINION BY JUDGE MENCER, July 3, 1975:

This is an appeal from an order of the Court of Common Pleas of Butler County affirming the decision of the Zoning Hearing Board of the Borough of Zelienople (Borough) which denied the application of C. A. Snyder (appellant) for a building permit to construct a private commercial parking and storage lot.

Our scope of review in zoning cases where, as here, the court below heard additional evidence is limited to a determination of whether or not the lower court committed an error of law or abused its discretion. *Borough of Baldwin v. Bench,* 11 Pa. Commonwealth Ct. 410, 315 A.2d 911 (1974).

The facts, which are not seriously in dispute, reveal that appellant is the sole stockholder and chief executive of Rush Motor Sales, Inc. (Rush Motor), a new-car sales agency. Rush Motor's lot (lot one) is located in an R-3 Residential zone and is therefore, under the ordinance, considered a nonconforming use. Because of pressure from Ford Motor Company to expand and because his current facilities were at maximum capacity, appellant

individually purchased a converted residence (lot two) across the street from lot one. With the Borough's approval, appellant then demolished the existing structure on lot two. Subsequently, appellant individually applied for a building permit to construct a parking and storage facility on lot two.

Appellant's original application, which was in his name only, was for a special exception to the ordinance. During the course of the Borough's deliberations, the proceedings were properly modified to reflect an application for a variance for lot two in order to expand the nonconforming use of lot one. The Borough denied appellant's request for a variance and thereby effectively prevented the expansion of Rush Motor's nonconforming use. *See Philadelphia v. Angelone,* 3 Pa. Commonwealth Ct. 119, 280 A.2d 672 (1971). On appeal the lower court affirmed, finding that there was no hardship basis for granting a permit.

In addition to a minimal amount of evidence introduced to show the lack of adverse impact upon the neighborhood around lot two, most of the evidence presented to the Board and to the lower court in support of the variance was evidence that merely dealt with the possible hardship to lot one, and therefore to Rush Motor, and not to appellant as the owner of lot two.

Appellant is therefore compelled to argue before this Court that he is capable of applying any hardship of Rush Motor's lot one to his own lot two in support of his necessary proof for a variance for lot two. This he may not do.[1]

It is, of course, well settled in this Commonwealth that an applicant seeking a variance for an expansion of a nonconforming use must still meet the ordinary require-

---

1. After thoroughly reading the record, we are convinced that, even if we were capable of relating the hardship of the properties, appellant has not borne his burden of proving a sufficient hardship to lot one. *See generally Clifton Heights Appeal,* 440 Pa. 101, 270 A. 2d 400 (1970).

ments for the grant of a variance; *i.e.*, that the refusal to grant the variance would cause an unnecessary hardship *peculiar to that property* and that the grant of the variance would not be contrary to the health, safety and general welfare of the community. *Walter v. Philadelphia Zoning Board of Adjustment*, 437 Pa. 277, 263 A.2d 123 (1970).

The principles of variance law have been somewhat liberalized in cases dealing with expansions of nonconforming uses. R. Ryan, Pennsylvania Zoning Law and Practice §7.4.4 (1970). Additionally, it is clear that the hardship necessary for the granting of a variance in cases involving nonconforming uses can be the hardship to the present nonconforming use which needs to expand to *new land on the same tract. See generally Mack Zoning Appeal*, 384 Pa. 586, 122 A.2d 48 (1956); *Peirce Appeal*, 384 Pa. 100, 119 A.2d 506 (1956). But nowhere in the law is there any support for a proposition that any supposed hardship to one noncontiguous piece of property owned by a separate entity can be shown to support an application for a variance to expand a nonconforming use to a completely separate property.

As we previously stated, any hardship to which the particular property is subjected must be unique or peculiar to itself. *Walter v. Philadelphia, supra; Girsh Appeal*, 437 Pa. 237, 263 A.2d 395 (1970); *Michener Appeal*, 382 Pa. 401, 115 A.2d 367 (1955).

Any hardship applicable to lot one cannot be applied as a hardship unique and peculiar to lot two.

Order affirmed. 