Waynesborough Corporation *v.* The Easttown Township Zoning Hearing Board, Easttown Township. Easttown Township, Appellant.

138

Argued December 1, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS, and BLATT.

*John S. Halsted*, with him *Gawthrop & Greenwood*, for appellant.

*William J. Fuchs*, with him *Gordon L. Keen, Jr.*, and *Obermayer, Rebmann, Maxwell & Hippel*, for appellee.

OPINION BY JUDGE MENCER, January 30, 1976:

Easttown Township (Township) has appealed from a decision of the Court of Common Pleas of Chester County which declared unconstitutional that portion of the Township Zoning Ordinance 109 limiting the construction of multifamily dwellings to a district known as "Apartment-Office-Research" (AOR). The court below also granted the request of appellee, Waynesborough Corporation (Waynesborough), for a building permit subject to the applicable ordinances and regulations of the Township.

The case reaches us in this manner: Waynesborough owns 3.8 acres of land in a section of the Township zoned "B-Residence District" which permits the construction of single-family residences on lots of not less than 21,000 square feet. Waynesborough wished to construct a 42-unit condominium project consisting of two buildings and related facilities on its land. Since such a use was prohibited in the B-Residence District where the land was situated, Waynesborough submitted a curative amendment to the Board of Supervisors which was rejected.[1] Nevertheless, Waynesborough pursued its challenge by applying for a building permit to construct the project. On September 20, 1972, the zoning officer rejected the application because multiple dwellings were not a permitted use in the district. Waynesborough sought a hearing before the Zoning Hearing Board (Board), asserting its constitutional challenge.[2] After two hearings held on November 29, 1972 and February 8, 1973, the Board affirmed the zoning officer's denial of the permit but felt itself incapable of ruling specifically on the constitutional question. The Board's action, of course, was tantamount to a rejection of the constitutional challenge. The lower court, in an able and thorough opinion by Judge SUGERMAN, dated March 7, 1975, found the ordinance to be unconstitutional, relying heavily on *Girsh Appeal*, 437 Pa. 237, 263 A. 2d 395 (1970). This was prior to the decision of the Pennsylvania Supreme Court in *Willistown Township v. Chesterdale Farms, Inc.*,          Pa.

---

1. This curative amendment was rejected prior to the 1972 amendments to the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, *as amended*, 53 P.S. §10101 et seq. (MPC), and is not before us.

2. The Township does not contest the procedure followed in this case. Although not specifically stated, the procedure followed is sufficient to meet the requirements of the alternate procedure provided under Section 1004 of the MPC, 53 P.S. §11004, for substantive challenges to zoning ordinances.

, 341 A.2d 466 (1975). The *Willistown* holding only serves to strengthen the holding of the court below. We believe that *Willistown* is controlling and therefore affirm.

The lower court relied exclusively on the record and findings made before the Board. Our scope of review in a zoning case where, as here, the court below took no additional evidence is limited to a determination of whether the zoning board abused its discretion or committed an error of law. *Pittsburgh Outdoor Advertising Co. v. Zoning Board of Adjustment,* 14 Pa. Commonwealth Ct. 54, 320 A. 2d 916 (1974). Errors of law include constitutional questions. *Levin v. Zoning Hearing Board of Radnor Township,* 11 Pa. Commonwealth Ct. 452, 314 A. 2d 579 (1974).

Once again, we are faced with an allegation that the zoning regulations of a township have not met the mandate of the Supreme Court of Pennsylvania as announced in *Girsh, supra,* because they fail to make a reasonable provision for apartment use. The first time we faced this difficult issue we phrased the question as follows:

> "If total prohibition of apartments within a municipality is not to be countenanced, at what point short of total prohibition will a township be found to have met its responsibilities to the community at large under the Constitution?" *Willistown Township v. Chesterdale Farms, Inc.,* 7 Pa. Commonwealth Ct. 453, 468, 300 A. 2d 107, 115 (1973).

Since that time, the Supreme Court of Pennsylvania, in *Willistown Township v. Chesterdale Farms, Inc.,* Pa.    , 341 A.2d 466 (1975), held that "the [Willistown] township zoning ordinance which provides for apartment construction in only 80 acres out of a total of 11,589 acres in the township *continues to be 'exclusionary' in that it does not provide for a fair share of the township acreage for apartment construction.*" Pa. at    , 341 A.2d at 468 (emphasis added). Willistown Township, like Easttown Township, had not provided

for multifamily dwellings until 1970, after the decision in *Girsh, supra.* The difficulty in these cases lies in determining what is a "fair share." As the dissenting opinion of Justice POMEROY in Willistown, Pa. , , 341 A. 2d 466, 469 (1975), points out, "[t]he opinion does not state why the share is not 'fair,' does not vouchsafe what might be considered a 'fair share,' and does not indicate any criteria by which a fair share may be ascertained." We recognized this problem in *Willistown,* 7 Pa. Commonwealth Ct. 453, 300 A. 2d 107 (1973), and suggested that " '[f]air share' is much like the word 'reasonable'—difficult of definition but still capable of indicating what is expected within bounds which only individual cases can define." 7 Pa. Commonwealth Ct. at 469, 300 A. 2d at 116. We find support for this approach in *National Land and Investment Co. v. Easttown Township Board of Adjustment,* 419 Pa. 504, 523, 215 A. 2d 597, 607-08 (1965) :

> "Every zoning case involves a different set of facts and circumstances in light of which the constitutionality of a zoning ordinance must be tested."

The relevant facts in the case at bar follow: Easttown Township comprises some 8.2 square miles of land or 5,250 acres lying on the boundary of Chester and Delaware Counties. It is bordered by Tredyffrin and Willistown Townships in Chester County and Radnor and Newton Townships in Delaware County. The Township first adopted a zoning ordinance in 1939 which, notwithstanding several amendments, prohibited multifamily dwellings anywhere in the Township. In 1970, following the decision in *Girsh,* the Board of Supervisors created a district in which apartments are a permitted use. This district, labeled AOR, contains some 49 acres, or approximately nine-tenths of one percent of the Township's land. At the time the ordinance was passed, most of the land in that district was already developed with commercial uses. Evidence established that the average sell-

ing price per acre for land in this district was $132,000. Waynesborough's expert witness testified that the land was unlikely to develop with multifamily dwellings because of the prohibitive cost. The court below felt that only 8 acres of land in the AOR district were realistically available for apartment use; this is one-tenth of one percent of the Township's land.[3] We mention these figures not because they are determinative of our decision but because the percentage of land made available for multi-family use is certainly one of the facts and circumstances we must take into account. The Township, in its brief, admonishes the courts not to become involved in a "numbers game," yet it urges us to find that *Willistown,* Pa.     , 341 A.2d 466 (1975), is distinguishable from the instant case in that Willistown Township only allowed apartment development on six-tenths of one percent of its land while Easttown allows development on nine-tenths of one percent of its land. Certainly, if the percentage of land were the only factor in considering whether a township has met the mandate of *Girsh,* we would indeed be involved in a fruitless exercise in arithmetic. However, the exact holding in *Girsh* is that a township "cannot have a zoning scheme that makes *no reasonable provision* for apartment uses." 437 Pa. at 243, 263 A. 2d at 398 (emphasis added). "Reasonable provision" seems synonymous with "fair share." What is fair cannot be based on percentage alone; even half the land area of a township would not be a fair share if that land could not be utilized. Therefore, the nature of the land made available must also receive some consideration.

Another factor which is relevant to the court's determination may be the history of zoning within the township, and where a township is one which prior to *Girsh*

---

3. While it is not necessary that a township provide virgin land for apartment development, *see Kaiserman v. Springfield Township,* 22 Pa. Commonwealth Ct. 287, 348 A.2d 467 (1975), the practical availability of land is *one factor* which may be considered.

excluded all multifamily dwellings, the question may reduce itself to whether the township ordinance reflects a reasonable effort to comply with *Girsh*. If answered in the negative, the ordinance *continues* to be exclusionary.

Whether the township is a "logical place for development to take place," *Girsh, supra,* 437 Pa. at 245, 263 A. 2d at 398, is also a proper circumstance for the court's consideration. In the instant case, Easttown Township is located just 18 miles from Philadelphia on a passenger railway line. Its own projected growth figures estimate a substantial increase in population in the next decade. It is clearly a logical place for development.[4]

The Township, recognizing these facts, avers that the AOR zone is only the first step in providing its fair share of land for apartment development and that, therefore, the courts should be loath to interfere with the Township's emerging plans. However, this same argument was tacitly rejected in *Willistown,*      Pa.      , 341 A.2d 466 (1975). The reasonableness of zoning regulations must be assessed with regard to conditions now existent, not as they might exist in the future. *Schmalz v. Buckingham Township Zoning Board of Adjustment,* 389 Pa. 295, 132 A. 2d 233 (1957).

Finally, it is urged that Waynesborough has not shown the "exclusionary intent" by the Township claimed to be a requisite for a holding of unconstitutionality. Intent to exclude, if proven, would be a very persuasive circumstance for the Court in considering the unconstitutionality of an ordinance. Intent is not, however, an indispensable element, as in a criminal case. When other facts and circumstances indicate an unreasonable restriction on the use of land for multifamily dwellings, a conclusion that the ordinance is unconstitutional will stand without a finding of intent to exclude.

---

4. The strategic position of Easttown Township in relation to population growth patterns was recognized in 1965 by the Supreme Court in *National Land, supra.* If anything, growth pressures have intensified since that time.

We are very mindful of the fact that the courts cannot be super boards of adjustment nor planning commissions of the last resort. The courts should not attempt to dictate to a township where it may place its zoning districts nor should it recommend changes in a township's comprehensive plan. "Instead, the Court acts as a judicial overseer, drawing the limits beyond which local regulation may not go, but loathing to interfere, within those limits, with the discretion of local governing bodies." *National Land, supra,* 419 Pa. at 521, 215 A. 2d at 607. The determination of what is a reasonable and constitutional exercise of that discretion is uniquely within the competence of the courts. On this record, we conclude that the lower court's determination in this regard was the correct one.

Order affirmed.

JUDGE ROGERS concurs in the result.