Harold M. Davis and Nicholas V. Martel *v.* Board of Supervisors of Easttown Township, Appellant.

Argued October 5, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS and BLATT.

*William H. Rivoir, Jr.,* with him *John S. Halsted,* and, of counsel, *Gawthrop & Greenwood,* for appellant.

*John C. Snyder,* with him *Robert W. Lentz,* and, of counsel, *Lentz, Riley, Cantor, Kilgore & Massey, Ltd.,* for appellees.

OPINION BY JUDGE WILKINSON, JR., November 10, 1977:

This appeal presents us with another question of the proper construction to be given the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq. The issue for decision is when an application for a land development plan is denied approval for failure to comply with a township zoning ordinance, which ordinance has previously been declared unconstitutional, is an appeal from the denial governed by Section 1006 of the MPC, 53 P.S. §11006, rather than Section 1004, 53 P.S. §11004? The lower court held that it was, and we affirm.

The facts in this case have been stipulated to by the parties. On March 7, 1975, the Court of Common Pleas of Chester County, in *Waynesborough Corp. v. Easttown Township Zoning Hearing Board,* 23 Chester 366 (1975), *aff'd,* 23 Pa. Commonwealth Ct. 137, 350 A.2d 895 (1976), held unconstitutional the provisions of the Easttown Township Zoning Ordinance which prohibited multiple-family dwellings in all areas of the township except a small AOR (Apartment-Office-Research) District. On March 19, 1975, the appellees filed a land development plan proposing the construction of 118[1] townhouse units in the AA and A zoning districts of the township, which were, under the terms of the invalid zoning ordinance, limited to single-family dwellings.

This proposed plan was eventually rejected by the Easttown Township Board of Supervisors on July 7, 1975, for failure to comply with the township zoning ordinance. During the interim between submission and rejection of the plan, a series of public meetings were held to consider a new zoning ordinance that would increase the land area allowed for multi-family use. The first advertisement for these meetings appeared in the local paper on March 20, 1975, just one day after the submission of appellees' plan. The appellees' tract of land was originally included within a proposed multi-family dwelling zone, but this tract was deleted at the June 2, 1975 Board of Supervisors' meeting. It was at this meeting that a new zoning ordinance was adopted.

Following township disapproval, the appellees appealed to the Court of Common Pleas of Chester County. After the submission of briefs, that court remanded the case to the Board of Supervisors to complete the record. This was accomplished through

---

[1] The appellees later amended their plan to provide for 111 units.

a stipulation agreed to by the parties. The lower court then rendered its opinion, which ordered the Board of Supervisors to give approval to the appellees' plan. The township then appealed to this Court, arguing that the lower court did not have jurisdiction since the appeal was brought under Section 1006 of the MPC rather than Section 1004.

We agree with the lower court that there is no doubt but that the appeal in question lies under Section 1006 of the MPC. Section 1006 is the proper avenue for bringing a land development appeal in a case where there is no question as to the validity of an ordinance. Section 1004, on the other hand, is the proper route for appealing a challenge to the substantive validity of an ordinance in its entirety. *Robin Corp. v. Board of Supervisors*, 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975).

In the case at bar, there is no ordinance in existence whose validity could be challenged. The lower court properly concluded that the decision in *Waynesborough, supra,* rendered the appellant's ordinance unconstitutional and of no effect. As our Supreme Court stated in *Casey v. Zoning Hearing Board,* 459 Pa. 219, 229, 328 A.2d 464, 468 (1974), "[o]nce a zoning ordinance is found to be constitutionally defective, the judgment invalidates the entire ordinance, not merely the zoning on a particular tract of land." (Footnote omitted.) The Supreme Court's footnote to that statement refers, we believe, to a variance situation, and, therefore, does not affect the impact of its statement on the present case.

We realize that the effect of our decision in this case may be to allow for a flood of subdivision applications following a declaration of an ordinance's invalidity. The fact that the pending ordinance doctrine has no application to a subdivision or land development plan, *Monumental Properties, Inc. v. Board of*

*Commissioners,* 11 Pa. Commonwealth Ct. 105, 311 A. 2d 725 (1973), does not help municipalities in this respect. There is ample support, however, for our decision.

First, prior to the 1972 amendments to the MPC, a court declaring an ordinance invalid could stay the effect of its judgment for a limited time, and thereby give the municipality an opportunity to cure the defects in its ordinance without a flood of applications from landowners seeking to take advantage of the invalidity. *Casey, supra.* The 1972 amendments, however, repealed this provision. It would now be improper for the court to judicially resurrect that provision by requiring the appellees to pursue a Section 1004 challenge to the invalid ordinance.

Second, we believe that the appellant has raised an argument which could, under the proper circumstances, come into operation and thereby ameliorate the adverse impact of our decision.

Appellant contends that the enlargement of the acreage allowed for multi-family dwellings, resulting from the decision in *Waynesborough, supra,* may be sufficient to render what was unreasonable under a "fair share" rule. On the facts of that case, we do not agree. That decision only allowed for the construction of some 42 condominium units on 3.8 acres of land. Such an increase, in combination with the relatively small 49 acre area already included in the AOR district, would not cure the invalidity of Easttown Township's ordinance.

It is possible, however, that at some future time a court of common pleas, confronted with a challenge to the substantive validity of a zoning ordinance on a fair share basis, may decide that while the ordinance is invalid *without* the proposed development plan, it is perfectly valid *with* the proposed plan. In other words, the very decision of the court which invalidates

the ordinance at the same time preserves it, albeit in a slightly modified form. Such a conclusion seems perfectly consistent with the entire planning scheme found in the MPC, and with the increased responsibility the 1972 amendments gave the courts of common pleas, as noted in our decision in *Ellick v. Board of Supervisors*, 17 Pa. Commonwealth Ct. 404, 333 A. 2d 239 (1975).

Accordingly, we will enter the following

ORDER

Now, November 10, 1977, the decision of the Court of Common Pleas of Chester County, No. 50 August Term, 1975, dated September 21, 1976, is affirmed.