In Re: Freid-El Corporation, a Pennsylvania corporation, from the decision of the Zoning Hearing Board of the Township of Hempfield, Westmoreland County, Pennsylvania. Hempfield Township, Appellant.

Argued November 4, 1977, before Judges CRUM-LISH, JR., and BLATT, sitting as a panel of two.

*Thomas J. Godlewski,* for appellant.

*Harvey E. Robins,* with him *Brennan, Robins & Daley,* for appellee.

OPINION BY JUDGE BLATT, March 22, 1978:

Hempfield Township (Township) appeals here from an order of the Court of Common Pleas of Westmoreland County which reversed a decision of the Township Zoning Hearing Board (Board) and directed that the Freid-el Corporation (Freid-el) be granted a variance to subdivide its property in the Township.

The real estate in question is a complex of townhouses consisting of eight buildings each containing eight townhouses. Each building is located on a single lot. The townhouses were constructed by Freid-el's predecessor in title before the Township adopted its zoning ordinance in 1969. The district in which the townhouses are located was zoned A-1 agricultural, and the townhouse complex therefore became a nonconforming use. In two transactions in 1973 and 1975, Freid-el purchased the complex and initially utilized it as a rental property. Freid-el subsequently decided to sell the individual townhouses and requested a variance from the Board to subdivide the larger lots on which each building was located into individual lots for each of the eight townhouses. The request was denied on the basis that Freid-el had not demonstrated an unnecessary hardship justifying the variance. On appeal, the lower court took additional evidence and reversed the Board, holding that the variance was incident to Freid-el's constitutional right

to a natural expansion of its nonconforming use of its property. This appeal followed.

Our scope of review in zoning cases where the court below heard additional evidence is limited to a determination of whether or not the lower court committed an error of law or abused its discretion. *Borough of Baldwin v. Bench,* 11 Pa. Commonwealth Ct. 410, 315 A.2d 911 (1974).

The lower court reasoned that Freid-el's plan to sell the individual townhouses rather than to continue to rent them was an expansion of its prior nonconforming use of the property, and, of course, the right to the natural expansion of a valid nonconforming use is a constitutional one protected by the due process clause. *Silver v. Zoning Board of Adjustment,* 435 Pa. 99, 102, 255 A.2d 506, 507 (1969). The owner of a nonconforming use, however, may be required to meet the rigorous standards necessary for a variance before his right to expand the use may be exercised.[1]

---

[1] Section 912 of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912, provides that a zoning hearing board may grant a variance provided the following findings are made where relevant in a given case:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located;

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

(3) That such unnecessary hardship has not been created by the appellant;

*Walter v. Philadelphia Zoning Board of Adjustment,*
437 Pa. 277, 263 A.2d 123 (1970); *Snyder v. Zoning
Hearing Board of the Borough of Zelienople,* 20 Pa.
Commonwealth Ct. 139, 141-42, 341 A.2d 546 (1975).
Moreover, the need to expand a present nonconform-
ing use in response to the dictates of business can be
the hardship necessary for the granting of a variance
in cases involving nonconforming uses. *Mack Zoning
Appeal,* 384 Pa. 586, 589-90, 122 A.2d 48, 50 (1956);
*Peirce Appeal,* 384 Pa. 100, 106, 119 A.2d 506, 510
(1956); *Snyder, supra,* 20 Pa. Commonwealth Ct. at
142, 341 A.2d at 548. The proposed expansion, how-
ever, must be a reasonable, natural one and must not
be detrimental to the welfare of the community.
*Frank Casilio & Sons v. Zoning Hearing Board of
Stroud Township,* 26 Pa. Commonwealth Ct. 608, 610,
364 A.2d 969, 970 (1976); *Township of Lower Yoder
v. Weinzierl,* 2 Pa. Commonwealth Ct. 289, 293, 276
A.2d 579, 581 (1971). After a careful review of the
record, we conclude that the variance requested here
was incident to a reasonable and natural expansion
of the nonconforming use, and the order of the lower
court directing that the variance be granted will
therefore be affirmed.

The variance sought by Freid-el here was for re-
lief from the minimum lot size and frontage require-
ments of the area's A-1 zoning so that the lots could
be subdivided to place each townhouse on an indi-
vidual lot. The subdivision was necessary so that

---

(4) That the variance, if authorized, will not alter the
essential character of the neighborhood, or districts in which
the property is located, nor substantially or permanently im-
pair the appropriate use or development of adjacent property,
nor be detrimental to the public welfare; and

(5) That the variance, if authorized, will represent the
minimum variance that will afford relief and will represent
the least modification possible of the regulation in issue.

Freid-el could sell the individual townhouses rather than continue to rent them. We believe that the proposed change could reasonably be considered a natural expansion of Freid-el's residential use of the property and that an unnecessary hardship would be imposed by refusing the variance. Moreover, the record amply supports the lower court's conclusion that the expansion would not be detrimental to the welfare of the community, for properties containing townhouses located in close proximity to Freid-el's were then being used in a similar manner with the approval of the Township.

The order of the lower court is affirmed.

ORDER

AND Now, this 22nd day of March, 1978, the order of the Court of Common Pleas of Westmoreland County, dated February 1, 1977 and docketed at 1363 of 1976, is hereby affirmed.