## Pennsburg Borough v. Wensel

396

*Ronald H. Reynier,* for plaintiff.
*Albert B. Wrigley,* for defendants.

BROWN, *J.,* April 10, 1980—The Borough of Pennsburg brought this action seeking to enjoin defendants, Leroy and Dawn Wensel, from their use of a house trailer as a residence. Defendants moved for a summary judgment and after argument it was granted. Plaintiff Borough has appealed to the Commonwealth Court.

Defendants acquired the real estate from one Maris T. Miller, who occupied and used the premises as a truck terminal. Miller conducted business out of the house trailer located on the premises. The property is zoned commercial and such use is not authorized by the ordinance. However, Miller's use predated its adoption so his operation was a nonconforming use.

Defendants purchased the property of approximately ten acres in 1974 with the intention of transferring their own trucking operation from Upper Providence Township to Pennsburg. Their continued business use of it as a nonconforming use is not questioned by the borough.

Several circumstances have developed since their acquisition prompting defendants to take up residence in the trailer: (1) business is growing, demanding more and more of their attention and requiring receiving and dispatching trucks day and night; (2) the property has been vandalized on several occasions; and (3) loitering has become a problem.

The trailer continues to be used in the business and it is only its residential use which the borough objects to. It is 14 by 70 feet in size.

Defendants seek summary judgment on the ground that (1) their residential use of the property constitutes a necessary and reasonable expansion of the lawful nonconforming use of the property; and (2) that the use of a mobile home as a residence is a permitted use of an "apartment" under section 700 of the zoning ordinance.

The appellate courts of this Commonwealth have held that the owner of a nonconforming use may be required to meet the tough standards mandated by the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, 53 P.S. §10912, for the granting of a variance: In Re Freid-El Corporation, 34 Pa. Commonwealth Ct. 341, 383 A. 2d 1286 (1978). The case of Township of Kelly v. Zoning Hearing Board of Kelly Township, 36 Pa. Commonwealth Ct. 509, 512, 388 A. 2d 347 (1978), requires that the expansion of a nonconforming use "must be reasonable, it must not lead to the creation of a new nonconforming use, it must only be that which is absolutely necessary, and it must not be inconsistent with public interest." Whether those criteria can be met by defendants is questionable. What is certain is that they have not been met for the purpose of this motion for summary judgment because, "Under Pa.R.C.P. 1035(b) a summary judgment may be granted [only] if the moving party shows that there is no genuine issue as to any material fact, and the record, viewed most favorable to the non-moving party, reveals that the moving party is entitled to judgment as a matter of law." Dowlin v. Coatesville Area School District, 22 Pa. Commonwealth Ct. 433, 350 A. 2d 190 (1975). The use of the words "must be reasonable" and "abso-

lutely necessary" suggests issues of material fact which can be properly resolved only at trial. A perusal of the depositions taken to support the motion reinforces that conclusion.

On the other hand, the meaning of the word "apartment" in section 700 of the ordinance is solely a question of law. The ordinance itself contains no definition; that being the case, "[Where] there is no definition in [a statute sought to be construed], and the words are ones in common usage, we must take their common usage meaning." Derry Township v. Swartz, 21 Pa. Commonwealth Ct. 587, 589, 346 A. 2d 853 (1975). The court in Reich v. Reading, 3 Pa. Commonwealth Ct. 511, 516, 517, 284 A. 2d 315 (1971), stated:

"A municipality may designate by definition any meaning it wishes to be accorded particular words or phrases in an ordinance, even though the meaning differs from that ordinarily conveyed by the word or phrase: Sterling v. Philadelphia, 378 Pa. 538 [106 A. 2d 793 (1954)]. However, in the absence of a specific definition in an ordinance, words and phrases must be construed according to their common and approved usage: Act of May 28, 1937, P.L. 1019, §33, 46 P.S. 533. Also, in construing a zoning ordinance, there is an additional rule of construction that words of restriction upon the use of property, being in derogation of common law, must receive a strict construction in favor of the property owner, and words of allowance receive a broad construction." (Citing cases.)

Zoning ordinances being in derogation of common law must be strictly construed in favor of the property owner: Pittsburgh Outdoor Advertising

Company v. Zoning Board of Adjustment, 14 Pa. Commonwealth Ct. 54, 320 A. 2d 916 (1974). The borough argues the trailer is not an apartment, saying the common meaning of the word requires such a dwelling unit be part of a larger structure rather than a separate unit itself. One might respond that this large trailer is used both for business and residential use so the rooms used as a residence meet such a definition, they being a part of the structure used for both business and residence. Be that as it may, we find on examination of standard reference dictionaries that the definition of apartment is not as restrictive as plaintiff maintains. It is variously described as "a room or set of rooms fitted especially with housekeeping facilities and used as a dwelling," Webster's New Collegiate Dictionary, 1973; "a room or suite of rooms to live in," Webster's New World Dictionary of the American Language, 1976; "a room or a combination of rooms . . . for use as a dwelling," Random House Dictionary, 1978; and "a room or suite of rooms designed for dwelling," the American Heritage Dictionary of the English Language, 1976.

While the definition urged by the borough is mentioned in these dictionaries, in each case it is a secondary rather than the primary definition. Given the rule of construction which requires us to favor the property owner where restrictions on the use of his property are concerned, we find that "apartment" as used in the Pennsburg Zoning Ordinance includes the use to which this property is put by defendants.